UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BARBARA FINCH individually, on behalf of Manny Moe
and on behalf of all others similarly situated,
CAROL JORDAN, individually and on behalf of all others
similarly situated and BARBARA ORTIZ, individually
and on behalf of all others similarly situated,

               Plaintiffs,                          04 CV 1668 (SAS) (JCF)

               -against-

NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES; JOHN A. JOHNSON, individually      **ORDER**
and in his capacity as the Commissioner of the New York
State Office of Children and Family Services;
THE CITY OF NEW YORK, ADMINISTRATION FOR
CHILDREN'S SERVICES; WILLIAM C. BELL,
individually and in his capacity as Commissioner of the
Administration for Children's Services of the City of
New York; DAVE R. PETERS, individually and in his
capacity as Director, State Central Register, New York
State Office of Children and Family Services, Division of
Development and Prevention Services; JANE DOE 1,
individually and in her capacity as a Supervisor of the
State Central Register; JANE DOE 2, individually and in
her capacity as an employee of the State Central Register;
JOHN DOE 1, individually and in his capacity as a
Supervisor of Administration for Children's Services;
JOHN DOE 2, individually and in his capacity as an
employee of Administration for Children's Services;
NEW ALTERNATIVES FOR CHILDREN, INC.;
and TALBOT PERKINS AGENCY.

               Defendants.
------------------------------------------------------------------X

       WHEREAS, this action was commenced by the filing of a Complaint on February 27, 2004,

on behalf of named plaintiffs and a proposed class of similarly situated persons; and

       WHEREAS, By Opinion and Order, 252 F.R.D. 192, 194 (2008), this Court certified the

following class:

[USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 5/26/09]

all persons: (1) who are working or desire to work or to be licensed in the childcare field; (2) who are now, or in the future will be, listed on the Statewide Central Register as subjects of indicated reports of child abuse that were investigated by and indicated by a designated investigative agency; (3) who timely requested amendment of the indicated reports; and (4) whose requests for amendment have not been disposed of.

WHEREAS, By the same Opinion and Order, 252 F.R.D. at 202, this Court granted plaintiffs' motion that Thomas Hoffman Esq. be named Class Counsel; and

WHEREAS, Class Counsel has made document requests that involve production of numerous records about persons who are currently listed on the Statewide Central Register of Child Abuse and Maltreatment ("SCR") as subjects of indicated reports; and

WHEREAS, Plaintiffs allege that some persons listed on SCR have had timely requests for amendment or expungement unlawfully terminated ("Terminated Claimants"); and

WHEREAS, counsel disagree whether Terminated Claimants are members of the class as presently defined; and

WHEREAS, counsel agree that in order for defendants to comply with the disclosure provisions of the Federal Rules of Civil Procedure to the greatest extent possible while protecting the right to privacy established by New York Social Services Law section 422, it is necessary to place limitations on the dissemination of any identifying information produced in discovery,

IT IS HEREBY ORDERED:

1. State defendants shall not withhold or redact requested documents that identify individual class members or Terminated Claimants on the ground that disclosure of same would violate New York Social Services Law paragraphs 422(4)(A) or 422(5)(a).

2. Class Counsel shall protect the confidentiality of all information that is produced to him by State defendants in response to document requests he has propounded or will propound

pursuant to the Federal Rules of Civil Procedure that identifies any individual, whether a class member or a Terminated Claimant, and shall not disclose such information to any individual other than staff working with him, who are bound by Class Counsel's duty of confidentiality, except as provided in paragraphs three through six below.

3. The Source of the Report. State defendants shall not intentionally produce any information to Class Counsel that contains the name of a source of a report of child abuse or maltreatment. Should such production inadvertently occur, Class Counsel must keep the identity of a source of a report of child abuse or maltreatment confidential from anyone aside from him and his staff.

4. Persons Named in a Report. If decisions after hearing are produced to Class Counsel, they will contain identifying information about children, both those allegedly abused and those not allegedly abused, as well as other household members. Class Counsel shall keep the identities of all such persons confidential. To the extent he chooses to use such produced records in future filings, as part of his duty to keep such identifying information confidential, it is his obligation to redact all such documents to ensure that they do not contain identifying information about persons named in the report.

5. Class Members. Class Counsel may disclose his knowledge of information about an identified class member to that identified class member should Class Counsel choose to contact the identified class member, but not to others unless the identified class member consents.

6. Terminated Claimants. Class counsel shall not disclose any information that identifies any Terminated Claimant as being a subject of a report and may not contact that identified individual, unless and until the Court clarifies that the class definition includes Terminated Claimants or amends the class definition to include such persons.

So Ordered:

*[signature: James C. Francis IV]*

Hon. James C. Francis IV
United States Magistrate Judge

Dated: May 22, 2009