UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BARBARA FINCH individually, on behalf of Manny Moe
and on behalf of all others similarly situated,
CAROL JORDAN, individually and on behalf of all others
similarly situated and BARBARA ORTIZ, individually
and on behalf of all others similarly situated,

Plaintiffs,

-against-

NEW YORK STATE OFFICE OF CHILDREN AND
 FAMILY SERVICES; JOHN A. JOHNSON, individually
and in his capacity as the Commissioner of the New York
State Office of Children and Family Services;
THE CITY OF NEW YORK, ADMINISTRATION FOR
CHILDREN'S SERVICES; WILLIAM C. BELL,
individually and in his capacity as Commissioner of the
Administration for Children's Services of the City of
New York; DAVE R. PETERS, individually and in his
capacity as Director, State Central Register, New York
State Office of Children and Family Services, Division of
Development and Prevention Services; JANE DOE 1,
individually and in her capacity as a Supervisor of the
State Central Register; JANE DOE 2, individually and in
her capacity as an employee of the State Central Register;
JOHN DOE 1, individually and in his capacity as a
Supervisor of Administration for Children's Services;
JOHN DOE 2, individually and in his capacity as an
employee of Administration for Children's Services;
NEW ALTERNATIVES FOR CHILDREN, INC.;
and TALBOT PERKINS AGENCY.

Defendants.
-------------------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/10

Docket No.
**04 CV 1668 (SAS) (JCF)**

**STIPULATION OF
PARTIAL SETTLEMENT
OF A CLASS ACTION
AND ORDER**

FEB 1 9 2010

WHEREAS, this action was commenced by the three above-named plaintiffs

("Plaintiffs") on behalf of themselves and of a proposed class of persons who were listed as

subjects of indicated reports of child abuse or maltreatment on the Statewide Central Register of

1

Child Abuse and Maltreatment and who requested amendment of said indicated reports to

unfounded against, among other defendants, John A. Johnson, in his capacity as Commissioner

of the New York State Office of Children and Family Services[1] ("OCFS"), and Dave R. Peters, in

his capacity as Director of the Statewide Central Register of Child Abuse and Maltreatment[2]

("SCR") (collectively "State defendants") ; and

  WHEREAS, State defendants moved to dismiss the complaint and Plaintiffs cross-moved

for summary judgment; and

  WHEREAS, by Opinion and Order dated July 3, 2007, 499 F.Supp.2d 521 (2007), this

Court determined that: (1)  the claims against the OCFS were withdrawn (id. at 525, n. 5); (2)

any claims against State defendants based on state statutory violations  were dismissed (id. at

525, n. 6); (3) the claims brought under the Ninth Amendment to the United States Constitution

were withdrawn (id. at 524, n. 2); (4) all claims for money damages against State defendants in

their official capacity were dismissed (id. at 536); (5) the  claims for money damages against

State defendants in their individual capacity were dismissed (id. at 538); and (6) claims for

declaratory relief regarding State defendants' past conduct must be dismissed (id. at 538, n. 138),

and that Plaintiffs' claim  seeking prospective injunctive relief against State defendants in their

official capacity survives, Id. at 539; and

  WHEREAS, Plaintiffs filed a motion for class certification and by Opinion and Order

dated August 11, 2008, 252 F.R.D. 192 (2008), this Court granted Plaintiffs' motion and certified

---

John A. Johnson's term in office as Commissioner of the New York State office of Children
and Family Services ended on December 31, 2006.  Gladys Carrión, Esq., is now Commissioner
of the New York State Office of Children and Family Services.

Dave R. Peters has retired and no longer holds that position.

the following class: "all persons: (1) who are working or desire to work or to be licensed in the childcare field; (2) who are now, or in the future will be, listed on the Statewide Central Register as subjects of indicated reports of child abuse that were investigated by and indicated by a designated investigative agency; (3) who timely requested amendment of the indicated reports; and (4) whose requests for amendment have not been disposed of" Id. at 194; and

WHEREAS, by the same Opinion and Order this Court approved Plaintiffs' application that Law Offices of Thomas Hoffman, P.C. act as Class Counsel, Id. at 202; and

WHEREAS, at the close of discovery Plaintiffs and State defendants separately moved for summary judgment, and by Memorandum Opinion and Order dated December 18, 2008, 2008 WL 5330616, this Court denied both motions for summary judgment and set the matter down for trial; and

WHEREAS in February 2009, Class Counsel informed State defendants and the Court that he had received allegations from a person not a class member in this lawsuit that, during the years 2003 to 2007, the SCR disposed of cases without providing the full process of review and hearing and requested the opportunity to re-open discovery regarding these allegations; and

WHEREAS, by Order dated February 12, 2009, the Court granted Class Counsel's request to re-open discovery; and

WHEREAS, Class Counsel served multiple Requests for the Production of Documents and Interrogatories and conducted many depositions of State defendants' employees; and

WHEREAS, Class Counsel filed a Third Amended Complaint dated June 24, 2009, that reiterated the claims made in the Amended Complaint and added claims related to allegations made to Class Counsel in February 2009; and

3

WHEREAS, State defendants have denied and continue to deny any and all wrongdoing alleged in the Third Amended Complaint; and

WHEREAS, Plaintiffs and State defendants are entering into this Stipulation of Partial Settlement of a Class Action and Order ("Stipulation" or "Agreement") solely for the purpose of settling the disputes and any related litigation between them regarding persons described by the definition of Subclass B below ; and

WHEREAS, Plaintiffs and State defendants desire to partially settle this action on terms and conditions just and fair to all parties;

IT IS HEREBY STIPULATED AND ORDERED:

## I.    CONDITIONAL NATURE OF THIS STIPULATION

1. This Stipulation shall not take effect until the Court enters a judgment approving the Stipulation as partial settlement of this class action and as full settlement of the claims of persons described by the definition of Subclass B set out below Pursuant to Federal Rule of Civil Procedure 23(e) and "So Orders" this Stipulation.

2. Unless and until the Court So Orders this Stipulation, State defendants are not obligated to perform the acts described in this Stipulation and persons described by the definition of Subclass B set out below have no enforceable rights based on any provision of this Stipulation.

## II.    DEFINITIONS

3. When used in this Stipulation, the following terms have the following meanings:

4

(a) The phrase "Subclass Member" or "Member of Subclass B" refers to persons described by the definition of Subclass B set out in paragraph 4 of this Stipulation.

(b) The phrase "Class Counsel" refers to Thomas Hoffman, Esq., to the Law Offices of Thomas Hoffman, P.C., and to others who are bound by the ethical obligations associated with the above-named lawyer and law office.

(c) The phrase "Subclass B Notice" refers to the letter sent to all Members of Subclass B as provided by paragraph 10 of this Stipulation.

(d)The phrase "effective date of this Stipulation" is the date this Stipulation is So Ordered by this Court and approved as settlement of the claims of the members of Subclass B as provided in Federal Rule of Civil Procedure Rule 23(e).

(e) The phrase "Office of Children and Family Services" or the acronym "OCFS" refers to the New York State Office of Children and Family Services.

(f) The phrase "Statewide Central Register of Child Abuse and Maltreatment" or the acronym "SCR" refers to a part of the OCFS that performs the duties described in New York Social Services Law § 422.

(g) The phrase "indicated report" refers to a report as defined in New York Social Services Law § 412(7).

(h) The phrase "unfounded report" refers to a report as defined in New York Social Services Law § 412(6).

(i) The phrase "investigating agency" refers to the local Child Protective Service, New York State Commission on Quality of Care and Advocacy for Persons with Disabilities ("CQC ADP") or the regional operations institutional abuse (IAB) investigation portion of the OCFS that

5

conducts investigations regarding reports of child abuse or maltreatment registered by the SCR, and: (1) investigated a report regarding a Subclass Member; and (2) found that there was some credible evidence to support the allegation of child abuse or maltreatment; and (3) informed the SCR that the report was indicated and to list the Subclass Member as the subject of an indicated report. New York Social Services Law § 424-b, 424-c and 424-d.

(j) The phrase "subject of an indicated report" or the word "Subject" refers to a "subject of the report" as defined in New York Social Services Law § 412(4) where an investigating agency has determined that the report is indicated and where the SCR maintains a record of that determination.

(k) The phrase "administrative review" refers to the review by the SCR of the investigating agency's records submitted in support of the determination that a child abuse or maltreatment report is indicated, at the request of the subject of the indicated report that the report be expunged or amended to reflect that it is unfounded, and, when applicable, that the Report is not relevant and reasonably related to employment, certification or licensure in the child care field, as provided in New York Social Services Law § 422( as modified by Walter W. v. N.Y. State Dep't of Social Servs., 235 A.D.2d 592, 651 N.Y.S.2d 726 (3d Dep't 1997), app. denied, 89 N.Y.2d 813 (1997) and Social Services Law § 424-a, as modified to comply with the Court decision in Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994) .

(l) The phrase "database check" refers to a request to the SCR by a provider agency or licensing agency to know whether a particular individual applying with that agency for employment, certification or licensure in the child care field is the subject of an indicated report, as provided in New York Social Services Law § 424-a.

(m) The phrase "Bureau of Special Hearings" or the acronym "BSH" refers to the part of the OCFS responsible for providing hearings afforded under Part 434 of Title 18 of the New York Codes, Rules and Regulations (NYCRR) in response to requests to amend an indicated report or reports of child abuse or maltreatment, made pursuant to New York Social Services Law § 422(8) or § 424-a.

(n) The phrase "422 hearing" refers to an administrative hearing held by the BSH as the result of a request by a subject of an indicated report that the OCFS review the indicated report and amend it to reflect that it is unfounded, or not relevant and reasonably related to employment, certification or licensure in the child care field, as provided in New York Social Services Law § 422(8).

(o) The phrase "424-a hearing" refers to an administrative hearing held by the BSH as the result of a request by a subject of an indicated report that the OCFS review the indicated report and amend it to reflect that it is unfounded as provided in New York Social Services Law § 424-a, as modified to comply with the Court decision in Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994).

(p) The acronym "AIMS" refers to the computer system designed and operated by the OCFS that stores the data maintained by the SCR regarding, among other things, requests for administrative review and fair hearings.

(q) The acronym "CONNECTIONS" refers to the computer system designed and operated by the OCFS and which, among other things, stores the data maintained by the SCR. New York Social Services Law § 446.

7

(r) The acronym "IHL" refers to the interest in hearing letter sent by the BSH to certain Subjects who had requested amendment of indicated reports and whose requests were referred to the BSH by the SCR either with or without administrative review.

(s) The word "undeliverables" refers to IHL letters or Subclass B Notices sent by the OCFS through the United States Postal Service that were returned by the United States Postal Service to sender as undeliverable.

(t) The phrase "Valmonte letter" refers to a letter sent by the SCR to a Subject-- where the SCR has received a database check about the Subject and where the SCR records reflect that the Subject has not had a hearing at which the "fair preponderance" evidentiary standard was applied-- offering the Subject the chance to have an administrative review and a 424-a hearing before the SCR responds to the database check.

(u) The word "waived" refers to a determination found on the SCR computer system.

(v) The word "withdrawn" refers to a determination found on the SCR computer system.

(w) The phrase "request by the Subject" refers to a communication from a Subject, in response to a Notice of Indication letter, a Valmonte letter, or a Subclass B Notice, requesting an amendment or expungement of the Indicated Report.

(x) The phrase "withdrawal by the Subject" shall refer to a Subject's withdrawal of a hearing request. The Subject's withdrawal of a hearing request must have been made directly to the BSH, recorded in the BSH case file, and reflected in an issued hearing decision to qualify as a withdrawal by the Subject under this stipulation.

8

## III.    CLASS CERTIFICATION

4. The members of the previously certified class in this action are denominated members of Subclass A, and a separate Subclass B is hereby certified defined as follows: "All subjects of indicated reports where, on or about the effective date of this Stipulation, data maintained in CONNECTIONS and/or AIMS indicates that, between January 1, 2003 and December 31, 2007, either (1) the records regarding the Subject were changed to reflect entry of a determination after hearing of Waived or (2) the records regarding the Subject were changed to reflect entry of a determination after administrative review or fair hearing of Withdrawn."

## IV.    STATE DEFENDANTS' POLICY STATEMENTS

5. State defendants hereby agree that, after the effective date of this Stipulation, only a subject of an indicated report has the right to waive or withdraw a request for administrative review or fair hearing made under Social Services Law §§ 422 or 424 a and that the SCR will not withdraw requests for review or hearing without prior communication from the Subject, even if the SCR learns that a provider or licensing agency is no longer interested in the database check.

6. This Stipulation does not prevent a local child protective service or other investigating agency from deciding not to proceed against a Subject at a 422 or 424 a hearing, thus having the hearing disposed of by what is referred to as a "no evidence determination." The consequence of a no evidence determination by the BSH is the amendment by the SCR of the allegations in the report against the subject from indicated to unfounded.

7. The OCFS will draft a Matrix that will describe appropriate handling of cases by SCR workers in response to (1) requests by the Subject and (2) database checks. This draft document

9

will be provided to Class Counsel within ten working days of the effective date of this

Stipulation. The directions in the matrix will include but not be limited to an instruction to the

SCR worker that when the SCR data base drop-down window indicates "withdrawn" or

"waived", future actions will be based on the entries in the narrative windows that must reflect

that there is documentary support of a decision of waiver or withdrawal or that the Subject has

submitted a withdrawal. Class Counsel and the OCFS will work together to construct a Matrix

that fully incorporates the principles of this Stipulation. Final approval of the content of the

Matrix, if consistent with the principles of this Stipulation, rests with the OCFS, as the

information in the Matrix will include materials not at issue in this litigation. However, the

OCFS agrees to make good faith efforts to incorporate all Class Counsel's comments into the

content of the Matrix.


## V.    RELIEF FOR MEMBERS OF SUBCLASS B

8. The provisions of Part V of this Stipulation (paragraphs 8 through 24) describe and

define the relief to be provided by State defendants to Members of Subclass B.

9. Nothing in this Stipulation is meant to grant any Member of Subclass B a right to

multiple hearings on the same indicated report. Members of Subclass B have an additional

opportunity for review and/or hearing granted pursuant to this Stipulation only where: (1) the

SCR or the BSH cannot show that a hearing was scheduled and held and a decision issued; or (2)

the SCR or the BSH cannot show that a hearing was scheduled and not held with a hearing

decision issued; or (3) where the records of the SCR and/or the BSH indicate that a default

decision was issued more than three years after the Subclass Member requested amendment of an

10

indicated report, as that time period is further defined in paragraph 16 of this Stipulation, and the Director of the BSH determines that the Subclass Member had a reasonable basis for not appearing at the previous hearing as provided in paragraph 15 of this Stipulation.

10. Beginning ninety days after the effective date of this Stipulation, or ninety days after agreement on the content of the Subclass B Notice letter, whichever should be later, and staggered, with priority given to the oldest Requests by the Subject, through the following fifteen month period, the SCR will send the Subclass B Notice, by regular mail, to all Subclass Members, using the most recent addresses the SCR has in its database. The Subclass B Notice will inform Subclass Members that a review of the records of the SCR shows that they may have a right to seek amendment of their indicated reports. Class Counsel and the OCFS will work together to draft the Subclass B Notice, using plain English, that incorporates the principles of this Stipulation. Final approval of the contents of the Subclass B Notice, if consistent with the principles of this Stipulation, rests with the OCFS. The face of the envelope will be marked in some way to convey that an important notice of individual rights and obligations is enclosed. The Subclass B Notice will include, but will not be limited to, the following information:

(a) OCFS records show that you are the subject of an indicated report being maintained by the SCR.

(b) Many employers such as day care centers, residential facilities for children, and organizations which provide goods and services to children within residential facilities, are required to ask the SCR whether the person they are considering for employment is a subject of an indicated report maintained by the SCR. Additionally, such an inquiry will be made regarding any person applying to adopt a child, or applying to become a foster parent. If they learn that you

11

have one or more indicated reports of child abuse and maltreatment, that could result in you being denied an opportunity for employment, licensure, or certification in the child care field.

( c) OCFS records show that you previously requested that the indicated report in which you are listed as a subject be amended to unfounded or expunged.

(d) OCFS records reflect that, between 2003 and 2007, it determined that your request for amendment was either "Withdrawn" or "Waived" and so the report has remained indicated. (e) If you disagree with the OCFS's determination, you may be entitled to appeal the determination at this time. If interested in pursuing an appeal now, you must check the appropriate box on this Notice and return this Notice in a self addressed envelope included with the letter to Class Counsel within ninety days of receipt of the letter. You should return this Notice promptly because the appeal process will not begin until the returned Notice is received.

(f) If you are currently waiting for the processing of a database check by the SCR, or if you plan to apply to work with children, or to be a foster parent, within forty-five days of receipt of this Notice, you must write that on this Notice when you return it to Class Counsel.

(g) If you have any questions relating to the content of this Notice you should consult an attorney. As an identified member of Subclass B, if you do not have your own legal counsel, you may contact Class Counsel Thomas Hoffman through the telephone number or website provided.

11. If a Subclass Member who returns the Subclass B Notice has another hearing pending before the SCR or the BSH, the OCFS may join the issues for hearing.

12. Where a Subclass Member returns the Subclass B Notice and indicates, by checking a designated box, that he or she is currently waiting for the processing of a database check previously submitted to the SCR or plans to apply for child-related employment within forty- five

12

days, as provided in subparagraph 10(f) of this Stipulation, and the OCFS determines that the Subclass Member is entitled to a new administrative review and or hearing pursuant to the provisions of this Stipulation, the administrative review will be conducted as promptly as possible. If the report is not unfounded after administrative review, the BSH will notify the Subclass Member that a combo 422 and 424-a hearing has been scheduled. For the first one hundred Subclass Members who express a child-related interest, if an administrative hearing is scheduled, the hearing will not include a preliminary conference. The Appellant and the investigating agency will be instructed in the documents scheduling such a hearing to be ready to proceed on the first scheduled hearing date.

13. Where a Subclass Member returns the Subclass B Notice and the entry on the SCR computer system for the responding Subclass Member reflects a determination after fair hearing of withdrawn and there is no copy in the SCR record or BSH record of a withdrawal by the Subclass Member, and/or a signed, issued hearing decision that reflects a withdrawal, a new administrative review will be conducted. If the report is not unfounded after administrative review, the BSH will notify the Subclass Member that a 422 hearing has been scheduled.

14. Where a Subclass Member returns the Subclass B Notice and the entry on the SCR computer system for the responding Subclass Member reflects a determination after fair hearing of "waived," and there is no copy of a signed, issued hearing decision in the SCR record or BSH record that reflects the Subclass member failed to appear for the scheduled hearing, a new administrative review will be conducted. If the report is not unfounded after administrative review, the BSH will notify the Subclass Member that a 422 hearing has been scheduled.

13

15.  Where a Subclass Member returns the Subclass B Notice and the entry on the SCR computer system for the responding Subclass Member reflects: (1) a determination after fair hearing of "waived;" (2) a Decision After Hearing was issued;, and (3) the request by the Subclass member occurred more than three years before the date of the Decision After hearing, the OCFS will furnish Class Counsel with a copy of a summary of SCR administrative appeal information relating to the Subclass Member.  Class Counsel, as appropriate, will reach out to such Subclass Member to discuss the specifics of his or her case.  If the Subclass Member had a reasonable basis for not appearing at the previous hearing, Class Counsel will contact the Director of the BSH in writing explaining the reasonable basis for the Subclass Member's failure to appear at the scheduled hearing.  Such submission shall include any and all documentation in support of the claimed reasonable basis.  The Director of the BSH will make the determination to grant or deny another hearing based on the information presented by Class Counsel.  A reasonable basis for failing to appear does not include a simple failure to appear at the previously scheduled hearing.  A reasonable basis may include, but is not limited to:  deployment for military service or military reserve service, verifiable serious health concerns for the Subclass Member or his/her immediate family at or about the scheduled hearing date, or verifiable change of residence prior to the date of hearing notice.  The Director of the BSH shall give Class Counsel written notice of his determination.  If the Director of the BSH determines that the Subclass Member had no reasonable basis for failing to appear at a previously scheduled hearing, the Subclass Member may seek judicial review of that determination through New York Civil Practice Law and Rules Article 78.  If the Director of the BSH determines that the Subclass Member had  reasonable basis for failing to attend the previously scheduled hearing, the BSH

14

will contact the SCR and instruct the SCR to initiate the administrative appeal process for the

Subclass Member as described in New York Social Services Law § 422.

16. For purposes of the preceding paragraph, when computing whether three years passed

between the request by the subject and the date the BSH mailed the notice of hearing, if the

Subclass Member had contact between the date of the request by the Subject and the date of the

notice of a scheduled hearing, with the SCR, the BSH or the investigating agency, excluding the

administrative review determination letter from the SCR to the Subclass Member, the three year

threshold will be calculated from the latest date of intervening contact and not from the date of

the request by the Subject.

17. Where a Subclass Member returns the Subclass B Notice and the entry on the SCR

computer system for the responding Subclass Member reflects a determination after fair hearing

of "waived," and further shows that the Subclass Member appeared for any day of the hearing,

the entry of "waived" does not provide such Subclass Member any rights to a new review and

hearing under this Stipulation.

18. Where a Subclass Member returns the Subclass B Notice and the records of the BSH

indicate that the Subclass Member was sent an IHL and returned the IHL form to the BSH and

affirmatively indicated on the Form that he or she did not wish to pursue a 422 hearing, if the

BSH cannot produce a copy of the IHL form sent by the Subclass Member withdrawing the

hearing request or a signed hearing decision, such Subclass Member will be given a new

administrative review and, if the report is not unfounded after administrative review, the BSH

will notify the Subclass Member that a 422 hearing has been scheduled.

15

19. Where a Subclass Member returns the Subclass B Notice and the records of the BSH indicate that the Subclass Member was sent an IHL and did not respond at all to the IHL or responded to the IHL asking for a hearing, if the BSH cannot produce a written signed hearing decision for the hearing that had previously been scheduled or a subsequent signed withdrawal decision, such Subclass Member will be given a new administrative review and, if the report is not unfounded after administrative review, the BSH will notify the Subclass Member that a 422 hearing has been scheduled.

20.  If a Subclass Member does not return the Subclass B Notice within ninety days of the date on the Subclass B Notice, and the entry on the SCR computer system for the Subclass Member reflects a determination of withdrawn, in response to a future database check the SCR will send a Valmonte letter to the Subclass Member at the address on the database check form unless there is a copy of a withdrawal by the Subject and/or a signed, issued hearing decision that reflects a withdrawal, in the SCR record or BSH record.

21.  If a Subclass Member does not return the Subclass B Notice within ninety days of the date on the Subclass B Notice, and the entry on the SCR computer system for the Subclass Member reflects a determination of waived, in response to a future database check the SCR will send a Valmonte letter to the Subclass Member at the address on the database check form unless there is a copy of the signed, issued hearing decision reflecting a default by the Subclass Member in the SCR record or the BSH record.

22.  The BSH will review the IHL distribution lists available to the BSH to determine who on the distribution lists did not have the opportunity to have a hearing because their IHL letters were returned as undeliverable. The SCR and the BSH will amend appropriate records to

reflect the instruction that, should such a Subject subsequently contact the BSH or the SCR to request a 422 hearing, a new administrative review will be conducted and, if the report is not unfounded after administrative review, the BSH will notify the Subclass Member that a 422 hearing has been scheduled. State defendants will provide Class Counsel with the lists of these undeliverables and Class Counsel may attempt to locate these Subclass Members. Class Counsel bears the full liability for any harm to any person or any violation of Federal or State Law based on Class Counsel's actions to locate Members of Subclass B described within this paragraph.

23. Where Subclass B Notices mailed in compliance with this Stipulation are returned to the SCR as undeliverable, the OCFS will provide Class Counsel with the names and addresses of the intended recipients of said notices and Class Counsel may attempt to locate these Subclass Members. Class Counsel bears the full liability for any harm to any person or any violation of Federal or State Law based on Class Counsel's actions to locate Members of Subclass B described within this paragraph.

24.    If a recipient of a Subclass B Notice contacts either the SCR or the BSH and disagrees with the determination of the SCR regarding the decision to grant or deny additional administrative appeal opportunities, he or she will be provided Class Counsel's contact information. class counsel will be provided the name and contact information for Subclass B Members who contact the SCR with concerns or complaints about their administrative appeal rights associated with this stipulation. Class Counsel may contact such Subclass members to review the situation. Any request for reconsideration of the hearing rights to be granted to a Subclass B Member must be made in writing to the OCFS liaison for this Stipulation. The OCFS

17

will review each request and make a determination to grant or deny the request based on the information presented and keeping with the spirit and intent of this Stipulation.

## VI.    MONITORING REPORTS

25.  The OCFS shall provide the following reports to Class Counsel regarding the identification of Members of Subclass B and recipients of the Subclass B Notice.

(a) Within thirty days from the effective date of this Stipulation, the OCFS will provide to Class Counsel the list of Members of Subclass B.  This list will be provided in an electronic form and will be accompanied by a statement as to the precise query or database request language used to identify Subclass B Members.

(b)  Within thirty days of mailing of the final Subclass B Notices, the OCFS will provide Class Counsel a report containing a list of the names and addresses to which Subclass B Notices were mailed.

26.  The OCFS shall compile the reports detailed below regarding every ninety day period after the effective date of this Stipulation until the termination of the jurisdiction of this court. OCFS will have no more than thirty days after the conclusion of each ninety day period to compile and provide such reports to Class Counsel.

(a) List of all persons in Subclass B who were sent a <u>Valmonte</u> letter in the ninety day period  pursuant to the requirements of this Stipulation;

(b) List of Subclass Members who were subject to a database check in the ninety day period for whom the SCR did not provide a Valmonte Letter based on the information in the case record and the requirements of this Stipulation;

(c) List of Subclass Members who returned the Subclass B Notice where the OCFS determined that the recipient was not now entitled to administrative appeal because the SCR or BSH records reflect a withdrawal by the Subject or an issued hearing decision; and

(d) List of Subclass Members who returned the Subclass B Notice where the OCFS determined that the recipient had a right to administrative appeal pursuant to the provisions of this Stipulation.

27. Class Counsel may randomly sample the case files of Subclass B Members when the OCFS does not grant a request to re-open the administrative appeal process in response to either a database check or the Subclass B Notice. Such random sampling will total no more than fifteen percent of the persons named in the lists provided to class counsel in subparagraphs 26(a) through 26(d) of this Stipulation. Should the number of persons named in each list provided for in subparagraphs 26(a) through 26(d) of this Stipulation total more than one hundred, the sample will be restricted to no more than ten percent of those provided.

28. Random sampling requests shall not be submitted to the OCFS by Class Counsel at intervals of less than ninety days. The OCFS will have thirty days to provide materials in response to such requests. State defendants do not violate the provisions of this Stipulation where case files requested as part of random sampling are not provided to Class Counsel because they are no longer available due to the application of ongoing regular record retention policies.

29. Class Counsel may request production of any available electronic recordings of hearings when the record reflects a Subclass B member made an on-the-record withdrawal in the course of a hearing.

30. Sampling may include a review of the entire case file in the possession of the OCFS.

19

31. The OCFS agrees to cooperate fully with Class Counsel so as to allow him to meet his duties fully, efficiently and expeditiously and to insure compliance with the provisions of this Stipulation. Such cooperation includes the appointment of an OCFS liaison and providing Class Counsel with such information and documents as is reasonable.

## VII.    RESOLUTION OF CLAIMS OF MEMBERS OF SUBCLASS B

32. As of the effective date of this Stipulation, all claims raised on behalf of the Members of Subclass B that State defendants improperly treated their requests for amendment of their indicated reports are hereby resolved and settled, and all remedies sought in the Third Amended Complaint concerning said claims are limited to the provisions of this Stipulation.

33. The Third Cause of Action of the Third Amended Complaint, paragraphs 197-198, and the request for relief relative to the Third Cause of Action, paragraphs 201(c) and (e) of the Third Amended Complaint, are hereby withdrawn.

34. Paragraphs 82 through 161, 182, 183, 187 and 188 of the Third Amended Complaint, which comprise the factual allegations that define the third Cause of Action, are struck from the Third Amended Complaint upon the effective date of this Stipulation.

35. Plaintiffs' Motion to Impose Sanctions for State defendants' alleged Spoliation and/or To Schedule a Spoliation Hearing, dated August 26, 2009, and Plaintiffs' Motion to Compel Production of Documents, dated September 16, 2009, which have been withdrawn without prejudice, are hereby withdrawn with prejudice and are considered fully and completely resolved.

20

36. Any and all outstanding requests for production of documents and interrogatories relating to the claims settled by this Stipulation are hereby withdrawn.

37. Paragraphs 4 and 162 through 176 of the Third Amended Complaint comprise the factual allegations that underlie Plaintiffs' Motion for Sanctions and Motion to Compel that are being resolved in this Stipulation and, upon the effective date of this Stipulation, said paragraphs are struck from the Third Amended Complaint.

38. Plaintiffs' request to amend the class definition made in the Third Amended Complaint is withdrawn in all respects because it has been resolved by the provisions of this Stipulation.

## VIII.  SETTLEMENT PROCEDURES AND NOTICE

39.    The parties agree to take all necessary steps to obtain court approval of this settlement in the following sequence:

(a) Within ten days after this Stipulation has been fully executed, Counsel for all parties shall jointly make a motion to the Court for preliminary approval of this Stipulation and for entry of an Order for Notice and Hearing.  Counsel shall also request the Court to set a date for a Fairness Hearing on the proposed settlement in accordance with Federal Rule of Civil Procedure Rule 23(e).

(b)  Counsel for all parties will jointly request the Court to find that, under the circumstances of this case, sufficient and appropriate notice consists of publication of notice of the Fairness Hearing by the OCFS twice within a three week period in each of the following publications: The New York Post, The Amsterdam News, The New York Daily News, El Diario

(notice shall be in Spanish language), The Albany Times Union (Albany), Press & Sun Bulletin

(Binghamton), The Buffalo News (Buffalo) The Ithaca Journal (Ithaca), The Daily Freeman

(Kingston), The Times Herald-Record (Newburgh), The Journal News (Yonkers), the Democrat

and Chronicle (Rochester), The Post Standard, (Syracuse), and The Observer Dispatch (Utica), as

soon as practicable after the Court schedules a fairness hearing. Publication notices shall include

Class Counsels' contact information and the website that will be dedicated to this class action.

Publication Notice shall be in the form attached in Exhibit "A".


IX.    **JURISDICTION OF THIS COURT**

40. As of the effective date of this Stipulation, the jurisdiction of this Court shall

terminate for all purposes with respect to Subclass B except that the Court shall maintain

continuing jurisdiction over the claims of the Members of Subclass B in this action for the

purpose of deciding motions for enforcement, subject to paragraphs 43 or 44 of this Stipulation.

41. The jurisdiction of this Court shall terminate at the conclusion of thirty-six months

following the effective date of this Stipulation unless Plaintiffs and the Members of Subclass B

move pursuant to paragraphs 43 or 44 of this Stipulation or State defendants move pursuant to

paragraph 45 of this Stipulation. When jurisdiction terminates, all claims arising under the

provisions of this Stipulation shall be deemed dismissed. If Plaintiffs and the Members of

Subclass B move pursuant to paragraphs 43 or 44 of this Stipulation, jurisdiction shall continue

until: (a) the motion is decided; (b) if the motion is decided favorably for Plaintiffs and the

Members of Subclass B, until such time as directed by the Court; or (c) such time as may be

extended by the parties in a modification of this Stipulation.  If State defendants move pursuant to paragraph 45 of this Stipulation, jurisdiction ends on the date the motion is granted.

42.  State defendants shall be deemed to have complied with the terms of this Stipulation, as articulated in Parts IV, V and VI of this Stipulation, so long as any failure to comply is individual or isolated, and not significant and widespread or recurring.

43.  During the thirty-six months following the effective date of this Stipulation, if Class Counsel believes that State defendants have failed to comply with the terms of this Stipulation, as defined by paragraph 42 of this Stipulation, Class Counsel shall notify State defendants' counsel in writing of the nature and specifics of the alleged failure to comply with the provisions of this Stipulation and shall specify the monitoring reports, if any, upon which such a belief is based, at least thirty business days before any motion is made for enforcement of this Stipulation or for contempt.  Unless otherwise resolved, the parties' counsel shall meet within the 30 business day period following notice to State defendants' counsel in an attempt to arrive at a resolution of the claims.  If no resolution is reached within thirty business days from the date of notice, Plaintiffs and the Members of Subclass B may move this court for an order for all appropriate relief against State defendants.

44.  Notwithstanding the provisions of paragraph 43 of this Stipulation, Plaintiffs and the Members of Subclass B may move this court for an order for all appropriate relief against State defendants without waiting thirty business days if the motion is based in whole or in part on information contained in a monitoring report provided by State defendants less than thirty business days before the date that the jurisdiction of this court is due to lapse pursuant to the provisions of this Stipulation.

45.  After twenty-four months from the effective date of this Stipulation, State defendants may file a motion seeking termination of the jurisdiction of this court if:

(a) all Subclass B Notices have been mailed; and

(b) all Subclass B Members who have responded to such Subclass B Notices and have been found entitled to an Administrative Review and/or 422 hearing, have had their administrative review and, if appropriate, their 422 hearings, conducted and concluded.

46.  Before filing a motion for termination, State defendants shall give written notice to Class Counsel that they believe that, except for isolated, not recurring or significantly widespread instances, they are in substantial compliance with this Stipulation.  If Class Counsel questions the State defendants' compliance, Class Counsel, within 30 days of receipt of State defendants' notice, shall so notify State defendants in writing of the grounds on which he questions compliance.  If Class Counsel is satisfied that such compliance has been shown, the parties shall file a joint motion seeking termination of the jurisdiction of this court.  Plaintiffs shall not unreasonably refuse to join in such a motion.  In the event that Plaintiffs refuse to join in such a motion as requested by State defendants, State defendants may, on their own, file an appropriate motion with the Court.

## X.    GENERAL PROVISIONS

47.  This Stipulation constitutes the parties' entire agreement and its provisions resolve this action in its entirety as to the Members of Subclass B.  For the duration of this Stipulation, State defendants have no additional obligations with respect to the matters settled herein, and Plaintiffs and the Members of Subclass B shall not impose, nor seek to impose, nor bring any suit

24

that seeks to impose, any additional systemic obligations upon State defendants with respect to the matters settled herein.

48. Upon the Court's approval of this Stipulation as fair, reasonable and adequate, Plaintiffs, individually and on behalf of each Member of Subclass B, and on behalf of the respective heirs, executors, administrators, personal representatives, successors and assigns of each of themselves and each Member of Subclass B, hereby jointly and severally release and forever discharge, on the merits with prejudice, State defendants, including without limitations State defendants' past and present officials, employees, departments, agencies, representatives, directors and agents, their successors and assigns and their respective heirs, executors, administrators, personal representatives, and transferees, (collectively "the releasees") and each of them, of and from any and all claims, actions, costs, expenses and attorneys' and expert fees, except as provided in Part XI of this Stipulation, whether known or unknown, foreseen or unforeseen, matured or unmatured, accrued or not accrued, direct or indirect, from the beginning of time through the date of Court approval of this Stipulation that Plaintiffs and the members of Subclass B, and each of them, ever had, now has or have, or can, shall or may hereafter have against the releasees or any of them, either alone or in any combination with others, for, by reason of, involving, concerning, arising from or in any way relating to any claim contained within the Third Amended Complaint.

49. All parties to this Stipulation have participated in its drafting; consequently, any ambiguity shall not be construed for or against any party.

50. If any date or period of time described in this Stipulation falls or ends on a public holiday or on a weekend, the date or period of time shall be extended to the next business day.

25

51. Class counsel shall protect the confidentiality of all information concerning Subclass Members that is provided by State defendants under the terms of this Stipulation and shall not disclose such information to any individual other than in compliance with State and Federal Laws, except to the extent necessary in any proceeding brought before this Court to enforce any right that individual may have under this Stipulation.

52. This Stipulation is final and binding upon the parties, their successors, and their assigns.

53. If the data contained therein is available electronically, all monitoring reports provided pursuant to Part VI of this Stipulation shall be provided in electronic format unless requested otherwise.

54. Any notice, report or communication required by or made pursuant to the terms of this Stipulation, other than notices sent to individual Subclass Members, shall be sent by first class mail, postage prepaid, and by electronic mail, to all of the people listed below:

To Plaintiffs:

Thomas Hoffman Esq.
Law Offices of Thomas Hoffman, P.C.
250 West 57 Street, Suite 1020
New York, New York 10107

Email: thoff93453@aol.com

To State defendants:
Robert L. Kraft, Esq.                          Emily Reeb Bray, Esq.
Assistant Attorney General                     Senior Attorney
Office of the Attorney General                 Office of Children and Family Services
120 Broadway, 24th Floor                       52 Washington Street, Rm 133 North
New York, New York 10271                       Rensselaer, New York 12144
Email: robert.kraft@oag.state.ny.us            emily.bray@ocfs.state.ny.us.

55.  Any party may change the above designated addressee or address by written notice to the other parties.

## XI.    ATTORNEY'S FEES

56.  Within ten days from the effective date of this Stipulation, Plaintiffs will provide the State defendants with a request for payment of attorneys fees and costs for work performed relative to this partial settlement.  The parties will attempt in good faith to negotiate a reasonable fee for the work performed through the effective date of this Stipulation.  The State defendants may make an offer to pay reasonable fees for work done on this partial settlement separately from any fee negotiation or fee award that might, or might not, occur as part of resolution of the remainder of the case.

57.  If the matter of Class Counsel's attorney fees for work done through the effective date of this Stipulation related to this partial settlement is not resolved by separate agreement, Plaintiffs reserve the right to apply to the Court to recover such costs and fees associated with the partial settlement of the claims of the Members of Subclass B within ninety days after the effective date of this Stipulation.  State defendants reserve the right to oppose such an application.

58.  Class Counsel will submit a request for payment of attorneys fees and costs to the State defendants on a quarterly basis after the effective date of this Stipulation associated with the work done during the previous quarter to monitor and to secure implementation or enforcement of the Stipulation and final Order.  The request will be supported by

27

contemporaneous time records as if submitted as part of an application to the Court for payment

of attorneys fees and costs.  State defendants will review the request for attorneys fees and costs

using the standards applicable to applications for fees and cost made to the Court.  State

defendants will give Class Counsel a written response to each request containing the amount

State defendants are prepared to pay in response to the request for attorneys fees and costs being

reviewed.  The parties will treat State defendants' written responses containing the amount State

defendants are prepared to pay in response to the request for attorneys fees and costs being

reviewed as confidential settlement documents.

59.  If the matter of Class Counsel's attorneys fees and costs for work done related to

implementation, monitoring and enforcement of this Stipulation during any particular quarter is

not resolved by separate agreement, Plaintiffs reserve the right to apply to the Court to recover

such costs and fees within thirty days after receipt of the State defendants' written offer.  State

defendants reserve the right to oppose such an application.

Dated: New York, New York
       January _11_, 2010

Law Offices of Thomas Hoffman, P.C.
Attorney for Plaintiffs

By: _____
Thomas Hoffman Esq.
250 West 57 Street, Suite 1020
New York, New York 10107
(212) 581-1180

28

Andrew M. Cuomo, Attorney General
of the State of New York
Attorney for State Defendants

By:_____
Robert L. Kraft
Assistant Attorney General
120 Broadway 24th Floor
New York, New York  10271
(212) 416-8632

So Ordered:

_____
Shira A. Scheindlin
United States District Judge

Dated: _____Feb. 5, 2010_____

29

**EXHIBIT A**

LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT WITH THE NEW YORK STATEWIDE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT

ATTENTION: PEOPLE NAMED AS A SUBJECT IN AN INDICATED REPORT MAINTAINED BY THE NEW YORK STATEWIDE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT.

If you were named as a subject in an indicated report of child abuse or maltreatment and timely requested a review or hearing of that indicated report, but never appeared at a hearing, or the review or hearing was concluded sometime between January 1, 2003 and December 31, 2007 and you never actually had a hearing, you may be a "Class Member" in a class action lawsuit filed against the New York Statewide Central Register of Child Abuse and Maltreatment.

If you requested a hearing at any time but never actually had a hearing and do not know when your Request was cancelled, you may be a member of the class in this class action lawsuit.

A settlement has been reached on class member's behalf in this class action brought in the U.S. Federal Court of the Southern District of New York located in Manhattan.

Thus, if you know your review or hearing concluded between January 1, 2003 and December 31, 2007, or you think your review or hearing may have concluded during this time, you may have a right to have your request for appeal of your indicated report re-opened.

It is important that you immediately contact the attorney listed below, who has been appointed by the court to represent the interests of the class members:

> Thomas Hoffman, Esq.
> Law Offices of Thomas Hoffman, P.C.
> 250 W. 57 St., Suite 1020
> New York, N.Y. 10107
> Tel. 212 581 1180
> email: Thoff93452@aol.com
> Website:   www.

When you contact Class Counsel, you will be provided with more information regarding your rights.

PLEASE NOTE THE FOLLOWING IMPORTANT DATES:

_____        Deadline to Object to Settlement

_____        Settlement Fairness Hearing

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION REGARDING THE SETTLEMENT**

12.7.09