UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BARBARA FINCH individually, on behalf of Manny Moe
and on behalf of all others similarly situated,
CAROL JORDAN, individually and on behalf of all others
similarly situated and BARBARA ORTIZ, individually
and on behalf of all others similarly situated,

                          Plaintiffs,

-against-

NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES; JOHN A. JOHNSON, individually
and in his capacity as the Commissioner of the New York
State Office of Children and Family Services;
THE CITY OF NEW YORK, ADMINISTRATION FOR
CHILDREN'S SERVICES; WILLIAM C. BELL,
individually and in his capacity as Commissioner of the
Administration for Children's Services of the City of
New York; DAVE R. PETERS, individually and in his
capacity as Director, State Central Register, New York
State Office of Children and Family Services, Division of
Development and Prevention Services; JANE DOE 1,
individually and in her capacity as a Supervisor of the
State Central Register; JANE DOE 2, individually and in
her capacity as an employee of the State Central Register;
JOHN DOE 1, individually and in his capacity as a
Supervisor of Administration for Children's Services;
JOHN DOE 2, individually and in his capacity as an
employee of Administration for Children's Services;
NEW ALTERNATIVES FOR CHILDREN, INC.;
and TALBOT PERKINS AGENCY.

                          Defendants.
------------------------------------------------------------------------x

**Docket No.**
**04 CV 1668 (SAS) (JCF)**

~~PROPOSED~~
**ORDER**



## FINDINGS AND ORDER PRELIMINARILY APPROVING THE CLASS SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, AND SCHEDULING A SETTLEMENT HEARING

WHEREAS, the parties and their attorneys have entered into a Stipulation of

1

Partial Settlement of a Class Action dated January 15, 2010 (the "Settlement Agreement"), in which the parties have agreed to settle the Third Cause of Action in the Third Amended Complaint subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in the certification of Subclass B for settlement purposes and the dismissal of the Third Cause of Action in the Litigation with prejudice; and

NOW, THEREFORE, upon reviewing the Settlement Agreement, upon reviewing all prior proceedings herein, on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows: *SAS*

1. The Court hereby preliminarily ~~appoints~~ *approves* the Settlement Agreement and directs the parties to give notice to putative subclass B members as described therein.

2. The Court hereby preliminarily appoints the law firm of Law Offices of Thomas Hoffman, P.C. as counsel for the Class, finding that this counsel meets the requirements of Rule 23(g).

3. The Court hereby preliminarily appoints the Named Plaintiffs as representatives of the Class for settlement purposes only.

4. For partial settlement purposes only, a class designated as Subclass B is certified as follows: "All subjects of indicated reports where, on or about the effective date of this Stipulation, data maintained in Connections and/or Aims indicates that, between January 1, 2003 and December 31, 2007, either (1) the records regarding

       the Subject reflect entry of a determination after hearing of Waived or (2) the records regarding the Subject reflect entry of a determination after administrative review or fair hearing of Withdrawn."

5. On a preliminary basis, and as supported by the statements made in open court on February 5, 2010, written submissions and the allegations contained in the Third Cause of Action in the Third Amended Complaint, the Court finds that the Plaintiff Class consists of approximately 25,000 persons, which satisfies the numerosity requirement in Fed. R. Civ. P. 23(a)(1). The Court also finds that the Third Amended Complaint asserts questions of law or fact common to the Class.

6. The Court also finds that the claims of the Named Plaintiffs are typical of the claims of the Class, thus satisfying Fed. R. Civ. P. 23(a)(3). The Court also finds that the Named Plaintiffs will fairly and adequately protect the interests of the Class, and thus satisfy Fed. R. Civ. P. 23(a)(4).

7. A Fairness Hearing shall be held on April 20, 2010 at 4:30 p.m. at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15C, New York, New York 10007-1312 to consider whether the Class meets the requirements for certification as a class under Fed. R. Civ. P. 23(b)(2) for settlement purposes only; to evaluate the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to Rule 23(e); and whether the Court should enter a final order.

8. The proposed publication attached as "Exhibit A" to the Settlement Agreement is hereby approved.

9. The State shall cause the publication twice within a three week period (Settlement Agreement, Par. 39) in the following newspapers:

<u>The New York Post</u>, <u>The Amsterdam News</u>, <u>The New York Daily News</u>, <u>El Diario</u> (notice shall be in Spanish language), <u>The Albany Times Union</u> (Albany), <u>Press & Sun Bulletin</u> (Binghamton), <u>The Buffalo News</u> (Buffalo) <u>The Ithaca Journal</u> (Ithaca), <u>The Daily Freeman</u> (Kingston), <u>The Times Herald-Record</u> (Newburgh), <u>The Journal News</u> (Yonkers), the <u>Democrat and Chronicle</u> (Rochester), <u>The Post Standard,</u> (Syracuse), <u>The Observer Dispatch</u> (Utica).

10. The Court approves the Notice by publication, in the form established as "Exhibit A" to the Settlement Agreement, to apprise the class of the terms of the proposed settlement, and of the right to object to the proposed settlement as satisfying Fed.R.Civ. P. 23(b). The proposed notice is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of law, including but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution.

11. All written objections must be signed by the Class Members and must include: (a) a reference to the title of the action "<u>Barbara Finch, et al. v. New York State Office of Children and Family Services, et al.</u>, Case No. 04 CV 1668 (SAS); (b) the name, address, telephone number of the objectant; (c) a statement of the

objection(s) and any supporting evidence the Class Member wishes to introduce; (d) the objection must be postmarked on or before April 12, 2010.

12. The written objections shall be mailed to Plaintiffs' and Defendants' counsel.

13. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Settlement shall file with the Clerk of the Court and provide Plaintiffs' Counsel and Defendant's Counsel a written notice of appearance so as to be received no later than April 12, 2010. The notice of intention to appear must include an identification of witnesses the objecting Class Member intends to call at the Fairness Hearing and any exhibits the Class Member intends to introduce into evidence at the Fairness Hearing.

14. Any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing on final approval of the class action settlement embodied in the Settlement Agreement, shall provide notice to Plaintiff's counsel and Defendants' Counsel and file with the Court so as to be postmarked or filed with the Clerk of the Court no later than April 12, 2010, a written notice of intention to appear.

15. Any Class Member who does not submit a timely written objection, consistent with the terms of the Settlement Agreement and paragraphs 9 - 12 hereof, shall be bound, as to all claims, by all proceedings, orders and judgments in the Litigation.

16. Plaintiffs' Counsel and Defendants' Counsel shall promptly furnish each other

with copies of any and all objections or written objections that come into their possession. Any Class Member who does not make his or her objection in the manner provided in this order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed settlement.

IT IS SO ORDERED this ___17___ day of ___February___ 2010.

_____
HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE