12.2.10 150pm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BARBARA FINCH individually, on behalf of Manny Moe
and on behalf of all others similarly situated,
CAROL JORDAN, individually and on behalf of all others
similarly situated and BARBARA ORTIZ, individually
and on behalf of all others similarly situated,

                           Plaintiffs,

      -against-

NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES; JOHN A. JOHNSON, individually
and in his capacity as the Commissioner of the New York
State Office of Children and Family Services;
THE CITY OF NEW YORK, ADMINISTRATION FOR
CHILDREN'S SERVICES; WILLIAM C. BELL,
individually and in his capacity as Commissioner of the
Administration for Children's Services of the City of
New York; DAVE R. PETERS, individually and in his
capacity as Director, State Central Register, New York
State Office of Children and Family Services, Division of
Development and Prevention Services; JANE DOE 1,
individually and in her capacity as a Supervisor of the
State Central Register; JANE DOE 2, individually and in
her capacity as an employee of the State Central Register;
JOHN DOE 1, individually and in his capacity as a
Supervisor of Administration for Children's Services;
JOHN DOE 2, individually and in his capacity as an
employee of Administration for Children's Services;
NEW ALTERNATIVES FOR CHILDREN, INC.;
and TALBOT PERKINS AGENCY.

                           Defendants.

------------------------------------------------------------------------x

ORDER

Docket No.
04 CV 1668 (SAS) (JCF)

      WHEREAS, this action was commenced by the three above-named plaintiffs (" Plaintiffs") on behalf of themselves and of similarly situated persons against, among

other defendants, John A. Johnson, in his capacity as Commissioner of the New York State Office of Children and Family Services[1] ("OCFS"), and Dave R. Peters, in his capacity as Director of the Statewide Central Register of Child Abuse and Maltreatment [2] ("SCR") (collectively "State defendants") and the City of New York, The Administration for Children's Service and William C. Bell, in his capacity as Commissioner of the Administration for Children's Services of the City of New York[3] (collectively "City defendants") and New Alternatives for Children, Inc., and Talbot Perkins Agency; and

WHEREAS, the action against New Alternatives and Talbot Perkins was severed and filed under Docket No. 04 CV 4434 (SAS) and subsequently settled by Agreement and Order dated September 22, 2008; and

WHEREAS, by Opinion and Order dated July 3, 2007, 499 F.Supp.2d 521 (2007), this Court determined that: (1) the claims against the OCFS were withdrawn (id. at 525, n. 5); (2) any claims against State defendants based on state statutory violations were dismissed (id. at 525, n. 6); (3) the claims brought under the Ninth Amendment to the United States Constitution were withdrawn (id. at 524, n. 2); (4) all claims for money damages against State defendants in their official capacity were dismissed (id. at 536); (5) the claims for money damages against State defendants in their individual capacity were dismissed (id. at 538); and (6) claims for declaratory relief regarding State defendants' past conduct were dismissed (id. at 538, n. 138), and that Plaintiffs' claim seeking prospective injunctive relief against State defendants in their official capacity survives, Id. at 539; and

WHEREAS, by Opinion and Order dated August 11, 2008, 252 F.R.D. 192

(2008), this Court certified the following class: "all persons: (1) who are working or desire to work or to be licensed in the childcare field; (2) who are now, or in the future will be, listed on the Statewide Central Register as subjects of indicated reports of child abuse that were investigated by and indicated by a designated investigative agency; (3) who timely requested amendment of the indicated reports; and (4) whose requests for amendment have not been disposed of" Id. at 194; and

WHEREAS, by the same Opinion and Order this Court ordered that Law Offices of Thomas Hoffman, P.C. act as Class Counsel, Id. at 202; and

WHEREAS, Plaintiffs filed a Third Amended Complaint dated June 24, 2009, that reiterated the claims made in the Amended Complaint and added a Third Cause of Action related to allegations made to Class Counsel in February 2009; and

WHEREAS, Plaintiffs and State defendants entered into a Stipulation of Partial Settlement of a Class Action and Order ("Stipulation of Partial Settlement") solely for the purpose of settling the Third Cause of Action of the Third Amended Complaint and some then pending motions; and

WHEREAS, the Stipulation of Partial Settlement designated the members of the previously certified class as Members of Subclass A and created a Subclass B whose members' claims were fully addressed by the provisions of the Stipulation of Partial Settlement; and

WHEREAS, as provided in Federal Rule of Civil Procedure Rule 23, this Court, after a Fairness Hearing, reviewed and approved the Stipulation of Partial Settlement; and

WHEREAS, the plaintiff and the State defendants through their attorneys have

now entered into a Stipulation of Settlement of a Class Action dated November 4, 2010 (the "State Settlement Agreement"), in which the parties have agreed to settle the remaining two Causes of Action in the Litigation, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement and the dismissal of the First and Second Causes of Action in the Litigation with prejudice; and

WHEREAS, the plaintiffs and the City defendants have now entered into a Stipulation of Settlement dated November 19, 2010 (the "City Settlement Agreement") in which the plaintiffs, individually and on behalf of the certified class, agree to discontinue, with prejudice, all claims for declaratory and injunctive relief against the City defendants,

NOW, THEREFORE, upon reviewing the Settlement Agreement, upon reviewing all prior proceedings herein, on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. On a preliminary basis, and as supported by the statements made in open court on November 19, 2010 and written submissions the Court finds that the November 4, 2010, State Settlement Agreement is fair, reasonable and adequate and is the product of serious, informed, non collusive negotiations and has no obvious deficiencies and does not grant preferential treatment to class representatives.

2. On a preliminary basis and as supported by the statements made in open court on November 19, 2010 and written submissions the Court finds that the November 4, 2010, the City Settlement Agreement, which provides for the dismissal, with prejudice, of the classwide claims against the City for

declaratory and injunctive relief claims, is fair, reasonable and the product of a reasonable investigation, after which plaintiffs' counsel concluded that the City defendant were complying with the statutory obligations which form the basis of this action.

3. A Fairness Hearing shall be held on February 7, 2011 at 4:30 p.m. to evaluate the fairness, reasonableness and adequacy of the proposed State and City settlements and whether they should be finally approved by the Court pursuant to Rule 23(e); and whether the Court should enter a final order.

4 The proposed publication of notice of the State settlement attached as " Exhibit A" to this Order is hereby approved.

5. The proposed publication of notice of the City settlement attached as " Exhibit B" to this Order is hereby approved.

6. The State defendants shall cause the publication of the State Notice of Settlement twice within a three week period in the following newspapers:

> The Albany Times Union (Albany), Press & Sun Bulletin (Binghamton), The Buffalo News (Buffalo) The Ithaca Journal (Ithaca), The Daily Freeman (Kingston), The Times Herald-Record (Newburgh), The Journal News (Yonkers), the Democrat and Chronicle (Rochester), The Post Standard, (Syracuse), The Observer Dispatch (Utica)

7. The State and Plaintiffs counsel shall cause the publication of the State and City Notice of Settlement twice within a three week period in the

following newspapers in the City of New York:

> The New York Post, The Amsterdam News, The Daily News and El Diario (notice shall be in the Spanish language).

8. The Court approves the Notice by publication, in the forms established as "Exhibit A" and "Exhibit B" to the Order, to apprise the class of the terms of the proposed State and City settlements and the proposed dismissal with prejudice of the class members' claims against the City defendants, and of the right to object to the proposed State and City settlement as satisfying Fed.R.Civ. P. 23(b). The proposed notices are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and meet all applicable requirements of law, including but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution.

9. All written objections must be signed by the Class Members and must include: (a) a reference to the title of the action "Barbara Finch, et al. v. New York State Office of Children and Family Services, et al., Case No. 04 CV 1668 (SAS); (b) the name, address, telephone number of the objectant; (c) a statement of the objection(s) and any supporting evidence the Class Member wishes to introduce; (d) the objection must be postmarked on or before January 28, 2011.

10. The written objections shall be served on Plaintiffs' counsel and counsels for the State and the City.

11. Any attorney hired by a Class Member at the Class Member's expense for

the purpose of objecting to the Settlement shall file with the Clerk of the Court and provide Plaintiffs' Counsel and Counsel for the State and City a written notice of appearance so as to be received no later than January 28, 2011. The notice of intention to appear must include an identification of witnesses the objecting Class Member intends to call at the Fairness Hearing and any exhibits the Class Member intends to introduce into evidence at the Fairness Hearing.

12. Any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing on final approval of the class action settlement embodied in the respective Settlement Agreements, shall provide notice to Plaintiff's counsel and Counsel for the State and the City and file with the Court so as to be postmarked or filed with the Clerk of the Court no later than January 28, 2011, a written notice of intention to appear.

13. Any Class Member who does not submit a timely written objection, consistent with the terms of the Settlement Agreements and paragraphs 9-12 hereof, shall be bound, as to all claims, by all proceedings, orders and judgments in the Litigation.

14. Plaintiffs' Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written objections that come into their possession. Any Class Member who does not make his or her objection in the manner provided in this order shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness, adequacy or reasonableness of the proposed settlement.

IT IS SO ORDERED this ___7___ day of __December__ 2010.

_____
HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

---

[1] John A. Johnson's term in office as Commissioner of the New York State office of Children and Family Services ended on December 31, 2006. Gladys Carrión, Esq., is now Commissioner of the New York State Office of Children and Family Services.

[2] Dave R. Peters has retired and no longer holds that position.

[3] William C. Bell is no longer the Commissioner of the Administration of Children's Services. John Mattingly is now Commissioner of the Administration of Children's Services.

# EXHIBIT A

LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT WITH THE NEW YORK STATEWIDE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT( ~SCR~)
ATTENTION: If you are the subject of an indicated report of child abuse or maltreatment, and you timely requested a review or hearing of that indicated report and that review has not yet been completed, you are a ~class member" in this lawsuit and this settlement applies to you.

A settlement has been reached on class members' behalf in this action, Finch v. Office of Children and Family Services (04 CV 1668) an action brought in the U.S. Federal Court of the Southern District of New York located in Manhattan, that will affect your rights.

These are the terms of the settlement Regarding Claims Against the Office of Children and Family Services

1. If you are fired or suspended from a child care related job because of an indicated child abuse or maltreatment report and you ask the SCR to review that report, your review will be completed within 120 days of the date SCR receives verification from you of such firing or suspension.
2. If you have applied for a job, certification or license in a child care related field requiring a database check, and you have requested the SCR to review the indicated report before responding to the database check, the SCR will conclude the review and respond to the agency submitting the database check within 130 days of the date the SCR receives your request for review.
3. If you request review of an indicated report within ninety days after the child abuse or maltreatment report is indicated, the SCR will complete the review within 280 days of the date the SCR receives your request for review.

For more information regarding your rights or how to object to the proposed settlement you may visit the website or contact the attorney appointed by the court to represent the interest of the class member.

Thomas Hoffman, Esq. Law Offices of Thomas Hoffman, P.C. 250 W. 57 St., Suite 1020 New York, N.Y. 10107 Tel. 212 581 1180 email: thoffman@thoffmanlaw.com Website: www.registryclassaction.com PLEASE NOTE THE FOLLOWING IMPORTANT DATES: Deadline to Object to Settlement: January 28, 2011  Settlement Fairness Hearing: February 7, 2011  DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION REGARDING THE SETTLEMENT

.

# EXHIBIT B

LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT WITH THE NEW YORK STATEWIDE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT( "SCR") AND THE CITY OF NEW YORK  ATTENTION: If you are the subject of an indicated report of child abuse or maltreatment, and you timely requested a review or hearing of that indicated report and that review has not yet been completed, you are a "class member" in this lawsuit and this settlement applies to you.

A settlement has been reached on class members' behalf in this action, Finch v. Office of Children and Family Services and the City of New York, (04 CV 1668) an action brought in the U.S. Federal Court of the Southern District of New York located in Manhattan, that will affect your rights.

These are the terms of the settlement Regarding Claims Against the Office of Children and Family Services

1. If you are fired or suspended from a child care related job because of an indicated child abuse or maltreatment report and you ask the SCR to review that report, your review will be completed within 120 days of the date SCR receives verification from you of such firing or suspension.

2. If you have applied for a job, certification or license in a child care related field requiring a database check, and you have requested the SCR to review the indicated report before responding to the database check, the SCR will conclude the review and respond to the agency submitting the database check within 130 days of the date the SCR receives your request for review.

3. If you request review of an indicated report within ninety days after the child abuse or maltreatment report is indicated, the SCR will complete the review within 280 days of the date the SCR receives your request for review.

These are the terms of the settlement Regarding Claims Against the City of New York

The Statewide Class claims brought against the City of New York ("City") alleged that the Administration for Children's Services did not timely send the investigative file to the SCR, thus delaying requested reviews.

After investigation it was learned that the City was complying with its obligations, including sending the investigative files to the SCR within the twenty days required under the State statute.
Since the City was complying with the law the plaintiffs individually and on behalf of the class agreed to withdraw with prejudice the class claims for injunctive and declaratory relief.

For more information regarding your rights or how to object to the proposed settlement you may visit the website or contact the attorney appointed by the court to represent the interest of the class member.

Thomas Hoffman, Esq. Law Offices of Thomas Hoffman, P.C. 250 W. 57 St., Suite 1020 New York, N.Y. 10107 Tel. 212 581 1180 email: thoffman@thoffmanlaw.com Website: www.registryclassaction.com  PLEASE NOTE THE FOLLOWING IMPORTANT DATES: Deadline to Object to Settlement: January 28, 2011   Settlement Fairness Hearing: February 7, 2011