UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------------------------------------------x

BARBARA FINCH individually, on behalf of Manny Moe
and on behalf of all others similarly situated,
CAROL JORDAN, individually and on behalf of all others
similarly situated and BARBARA ORTIZ, individually
and on behalf of all others similarly situated,

Plaintiffs,

-against-

NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES; JOHN A. JOHNSON, individually
and in his capacity as the Commissioner of the New York
State Office of Children and Family Services;
THE CITY OF NEW YORK, ADMINISTRATION FOR
CHILDREN'S SERVICES; WILLIAM C. BELL,
individually and in his capacity as Commissioner of the
Administration for Children's Services of the City of
New York; DAVE R. PETERS, individually and in his
capacity as Director, State Central Register, New York
State Office of Children and Family Services, Division of
Development and Prevention Services; JANE DOE 1,
individually and in her capacity as a Supervisor of the
State Central Register; JANE DOE 2, individually and in
her capacity as an employee of the State Central Register;
JOHN DOE 1, individually and in his capacity as a
Supervisor of Administration for Children's Services;
JOHN DOE 2, individually and in his capacity as an
employee of Administration for Children's Services;
NEW ALTERNATIVES FOR CHILDREN, INC.;
and TALBOT PERKINS AGENCY.

Defendants.

**Docket No.
04 CV 1668 (SAS) (JCF)**

**STIPULATION OF
SETTLEMENT
OF A CLASS ACTION
AND ORDER**

----------------------------------------------------------------------x

WHEREAS, this action was commenced by the three above-named plaintiffs

("Plaintiffs") on behalf of themselves and of similarly situated persons against, among other

defendants, John A. Johnson, in his capacity as Commissioner of the New York State Office of

Children and Family Services[1] ("OCFS"), and Dave R. Peters, in his capacity as Director of the Statewide Central Register of Child Abuse and Maltreatment[2] ("SCR") (collectively "State defendants") ; and

WHEREAS, by Opinion and Order dated July 3, 2007, 499 F.Supp.2d 521 (2007), this Court determined that: (1)  the claims against the OCFS were withdrawn (id. at 525, n. 5); (2) any claims against State defendants based on state statutory violations  were dismissed (id. at 525, n. 6); (3) the claims brought under the Ninth Amendment to the United States Constitution were withdrawn (id. at 524, n. 2); (4) all claims for money damages against State defendants in their official capacity were dismissed (id. at 536); (5) the  claims for money damages against State defendants in their individual capacity were dismissed (id. at 538); and (6) claims for declaratory relief regarding State defendants' past conduct must be dismissed (id. at 538, n. 138), and that Plaintiffs' claim  seeking prospective injunctive relief against State defendants in their official capacity survives, Id. at 539; and

WHEREAS, by Opinion and Order dated August 11, 2008, 252 F.R.D. 192 (2008), this Court certified the following class: "all persons: (1) who are working or desire to work or to be licensed in the childcare field; (2) who are now, or in the future will be, listed on the Statewide Central Register as subjects of indicated reports of child abuse that were investigated by and indicated by a designated investigative agency; (3) who timely requested amendment of the

---

John A. Johnson's term in office as Commissioner of the New York State office of Children and Family Services ended on December 31, 2006.  Gladys Carrión, Esq., is now Commissioner of the New York State Office of Children and Family Services.

Dave R. Peters has retired and no longer holds that position.

2

indicated reports; and (4) whose requests for amendment have not been disposed of" Id. at 194; and

WHEREAS, by the same Opinion and Order this Court ordered that Law Offices of Thomas Hoffman, P.C. act as Class Counsel, Id. at 202; and

WHEREAS, Plaintiffs filed a Third Amended Complaint dated June 24, 2009, that reiterated the claims made in the Amended Complaint and added a Third Cause of Action related to allegations made to Class Counsel in February 2009; and

WHEREAS, Plaintiffs and State defendants entered into a Stipulation of Partial Settlement of a Class Action and Order ("Stipulation of Partial Settlement") solely for the purpose of settling the Third Cause of Action of the Third Amended Complaint and some then pending motions; and

WHEREAS, the Stipulation of Partial Settlement designated the members of the previously certified class as Members of Subclass A and created a Subclass B whose members' claims were fully addressed by the provisions of the Stipulation of Partial Settlement; and

WHEREAS, as provided in Federal Rule of Civil Procedure Rule 23, this Court reviewed and approved the Stipulation of Partial Settlement; and

WHEREAS, State defendants have denied and continue to deny any and all wrongdoing alleged in the Third Amended Complaint; and

WHEREAS, Plaintiffs and State defendants are entering into this Stipulation of Settlement of a Class Action and Order ("Stipulation" solely for the purpose of settling the disputes and any related litigation between them regarding persons described by the definition of Subclass A set out in the third WHEREAS Clause above; and

3

WHEREAS, Plaintiffs and State defendants desire to settle this action on terms and conditions just and fair to all parties;

IT IS HEREBY STIPULATED AND ORDERED:

## I.      CONDITIONAL NATURE OF THIS STIPULATION

1.  This Stipulation shall not take effect until the Court , Pursuant to Federal Rule of Civil Procedure 23(e), approves this Stipulation as full settlement of the claims of persons described by the definition of Subclass A set out in the third WHEREAS Clause above, enters a judgment and "So Orders" this Stipulation.

2.  Unless and until the Court So Orders this Stipulation, State defendants are not obligated to perform the acts described in this Stipulation and persons described by the definition of Subclass A have no enforceable rights based on any provision of this Stipulation.

## II.     SETTLEMENT PROCEDURES AND NOTICE

3.      The parties agree to take all necessary steps to obtain court approval of this settlement in the following sequence:

(a) Within ten days after this Stipulation has been fully executed, Counsel for all parties shall jointly make a motion to the Court for preliminary approval of this Stipulation and for entry of an Order for Notice and Hearing.  Counsel shall also request the Court to set a date for a Fairness Hearing on the proposed settlement in accordance with Federal Rule of Civil Procedure Rule 23(e).

4

(b)  Counsel for all parties will jointly request the Court to find that, under the circumstances of this case, sufficient and appropriate notice consists of publication of notice of the Fairness Hearing by the OCFS twice within a three week period in each of the following publications: The New York Post, The Amsterdam News, The New York Daily News, El Diario (notice shall be in Spanish language), The Albany Times Union (Albany), Press & Sun Bulletin (Binghamton), The Buffalo News (Buffalo) The Ithaca Journal (Ithaca), The Daily Freeman (Kingston), The Times Herald-Record (Newburgh), The Journal News (Yonkers), the Democrat and Chronicle (Rochester), The Post Standard, (Syracuse), and The Observer Dispatch (Utica), as soon as practicable after the Court schedules a fairness hearing.  Publication notices shall include Class Counsels' contact information and the website that is dedicated to this class action. Publication Notice shall be in the form attached in Exhibit "A".

## III.   DEFINITIONS

4.  When used in this Stipulation, the following terms have the following meanings:

(a) The phrase "Subclass Member" or "Member of Subclass A" refers to persons described by the definition of the class certified by this Court set out in the third WHEREAS Clause of this Stipulation.

(b) The phrase "Class Counsel" refers to Thomas Hoffman, Esq., to the Law Offices of Thomas Hoffman, P.C., and to employees who are bound by the ethical obligations associated with the above-named lawyer and law office.

(c) The phrase "effective date of this Stipulation" is the date this Stipulation is So Ordered by this Court and approved as settlement of the claims of the members of Subclass A as provided in Federal Rule of Civil Procedure Rule 23(e).

(d) The phrase "Office of Children and Family Services" or the acronym "OCFS" refers to the New York State Office of Children and Family Services.

(e) The phrase "Statewide Central Register of Child Abuse and Maltreatment" or the acronym "SCR" refers to a part of the OCFS that performs the duties described in New York Social Services Law § 422.

(f) The phrase "indicated report" refers to a report as defined in New York Social Services Law § 412(7).

(g) The phrase "unfounded report" refers to a report as defined in New York Social Services Law § 412(6).

(h) The phrase "investigating agency" refers to the local Child Protective Service, New York State Commission on Quality of Care and Advocacy for Persons with Disabilities ("CQC ADP") or the regional operations institutional abuse (IAB) investigation portion of the OCFS that conducts investigations regarding reports of child abuse or maltreatment registered by the SCR, and: (1) investigated a report regarding a Subclass Member; and (2) found that there was some credible evidence to support the allegation of child abuse or maltreatment; and (3) informed the SCR that the report was indicated and to list the Subclass Member as the subject of an indicated report. New York Social Services Law § 424-b, 424-c and 424-d.

(i) The phrase "subject of an indicated report" or the word "Subject" refers to a "subject of the report" as defined in New York Social Services Law § 412(4) where an investigating

6

agency has determined that the report is indicated and where the SCR maintains a record of that determination.

(j) The phrase "database check" refers to a request to the SCR by a provider agency or licensing agency to know whether a particular individual applying with that agency for employment, certification or licensure in the child care field is the subject of an indicated report, as provided in New York Social Services Law § 424-a.

(k) The phrase "Valmonte letter" refers to a letter sent by the SCR to a Subject-- where the SCR has received a database check about the Subject and where the SCR records reflect that the Subject has not had a hearing at which the "fair preponderance" evidentiary standard was applied-- offering the Subject the chance to have an administrative review and a 424-a hearing before the SCR responds to the database check.

(l) The phrase "administrative review" refers to the review by the SCR of the investigating agency's records submitted in support of the determination that a child abuse or maltreatment report is indicated, and any materials submitted by the Subject, at the request of the subject of the indicated report that the report be expunged or amended to reflect that it is unfounded, and that the Report is not relevant and reasonably related to employment, certification or licensure in the child care field, as provided in New York Social Services Law § 422( as modified by Walter W. v. N.Y. State Dep't of Social Servs., 235 A.D.2d 592, 651 N.Y.S.2d 726 (3d Dep't 1997), app. denied, 89 N.Y.2d 813 (1997) and Social Services Law § 424-a, as modified to comply with the Court decision in Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994) .

7

(m) The phrase "Bureau of Special Hearings" or the acronym "BSH" refers to the part of the OCFS responsible for providing hearings afforded under Part 434 of Title 18 of the New York Codes, Rules and Regulations (NYCRR) in response to requests to amend an indicated report or reports of child abuse or maltreatment, made pursuant to New York Social Services Law § 422(8) or § 424-a.

(n) The phrase "422 request" refers to a request by a Subject made after the effective date of this Stipulation and made within ninety days of the subject's receipt of notice of indication for administrative review of an indicated report, and, if the indicated report is retained after administrative review or found to be relevant and reasonably related to employment, certification or licensure in the child care field, for a 422 hearing as provided in New York Social Services Law § 422(8).

(o) The phrase "422 request date" refers to the date that the SCR receives a 422 request.

(p) The phrase "422 hearing" refers to an administrative hearing held by the BSH as the result of a 422 request.

(q) The phrase "fast 422 request" refers to a 422 request where the Subject submits evidence as provided in paragraph 10 of this Stipulation that he or she was terminated or suspended from a child-related job due to the existence of the indicated report. For purposes of this paragraph, the terms "terminated" or "suspended" do not describe foster or prospective adoptive parents waiting for "clearance". The fast 422 process defined in this Stipulation applies only to persons employed in jobs involving contact with children, at day care centers, family day care settings, group family day care settings, or residential care facilities who have been

8

terminated or suspended from that employment pending the resolution of a 422 request regarding an indicated report.

(r)  The phrase "fast 422 request date" refers to the date that the SCR receives the evidence described in paragraph 10 of this Stipulation.

(s) The phrase "fast 422 hearing" refers to an administrative hearing held by the BSH as the result of a fast 422 request.

(t) The phrase "424-a request" refers to a request made after the effective date of this Stipulation by a Subject for administrative review of an indicated report in response to a Valmonte letter and, if the indicated report is retained after administrative review, for a 424-a hearing as provided in New York Social Services Law § 424-a, as modified to comply with the Court decision in Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994).

(u) The phrase "424-a request date" refers to the date that the SCR receives a 424-a request.

v) The phrase "424-a hearing" refers to an administrative hearing held by the BSH as the result of a 424-a request by a Subject.

(w)  The phrase "combo request" refers to the circumstance where the SCR has received a 422 request from a Subject, and, before the 422 request is disposed of, the SCR receives a database check concerning the same Subject.

(x) The phrase "combo request date" refers to the date the SCR receives a database check regarding a Subject who has a 422 request that has not yet been disposed of.

(y) The phrase "combo hearing" refers to an administrative hearing held by the BSH as the result of both a 422 request and a 424-a request.

9

(z)  The phrase "disposed of" refers to the following decisions the OCFS can make in response to a 422 request, a fast 422 request, a 424-a request or a combo request:

(1) the determination after administrative review to unfound a formerly indicated report, and the date of disposition is the date on the letter regarding said determination sent to Subjects with 422 or fast 422 requests, and the date of disposition is the date on the SCR response for Subjects with 424-a requests and combo requests;

(2) the determination after administrative review to retain an indicated report but that the indicated report is not relevant and reasonably related to employment, certification or licensure in the child care field, and the date of disposition is the date on the letter regarding said determination sent to Subjects with 422 or fast 422 requests, and the date of disposition is the date on the SCR response for Subjects with 424-a requests and combo requests;

(3)  the determination after a 422 hearing or a fast 422 hearing to retain or unfound the indicated report and whether the report is relevant and reasonably related to employment, certification or licensure in the child care field, and the date of disposition is the date on the Decision After Hearing;

(4) the determination after a 424-a hearing to retain or unfound the indicated report, and the date of disposition is the date on the SCR response;

(5)  the determination after a combo hearing to retain or unfound the indicated report and whether the report is relevant and reasonably related to employment, certification or licensure in the child care field, and the date of disposition is the date on the SCR response.

(aa)  The phrase "SCR response" refers to the document sent by the SCR to a provider agency or licensing agency in response to a database check as dispositions (z)(1), (z)(2), (z)(4) or (z)(5).

(bb)  The phrase "acknowledgment letter" refers to the document sent by the SCR to a Subject of an indicating report acknowledging that the SCR has received the Subject's request to review the indicated report.

## IV.   RELIEF FOR MEMBERS OF Subclass A

5.  The provisions of Part IV of this Stipulation (paragraphs 5 through 14) fully define the relief to be provided by State defendants to Members of Subclass A.

6.  The OCFS will use best efforts and existing resources to implement the provisions of this Stipulation on the effective date of this Stipulation.  However, the OCFS does not believe it can fully implement the terms of this Stipulation with current resources and does not expect to get authority to hire additional employees until the next State budget becomes law, April 1, 2011, and hiring and training must occur thereafter before any new hires are prepared to implement the provisions of this Stipulation.  Nothing in this paragraph exempts the OCFS from compliance with paragraphs 7 to 13 of this Stipulation beginning in November, 2011.

7.  The OCFS shall dispose of 422 requests no later than two hundred eighty (280) days from the 422 request date.

8.  The OCFS shall dispose of 424-a requests no later than one hundred thirty (130) days from the 424-a request date.

9. The OCFS shall dispose of combo requests no later than one hundred thirty (130) days from the combo request date.

10. When the SCR sends an acknowledgment letter to the Subject in response to a 422 request concerning conduct that occurred as part of child-related employment, the SCR will also send an Employment Impact Verification Form that informs the recipient that the Subject will receive expedited review if he or she submits verification that he or she has been terminated from or suspended from child-related employment because the employer has become aware of the indicated report sought to be amended by the 422 request. The Subject will be requested to submit either a) copies of any written documentation of such suspension or termination or b) the sworn statement by the subject contained on the form that he or she has been terminated or suspended from child-related employment due to the indicated report.

11. When the SCR receives a completed Employment Impact Verification Form, the SCR – and the BSH should the indicated report be retained after administrative review and referred for a hearing– will treat the 422 request as a fast 422 request.

12. The OCFS shall dispose of fast 422 requests no later than one hundred twenty (120) days from the fast 422 request date. The OCFS will apply the provisions of paragraph 11 of this Stipulation to the first 150 Employment Impact Verification Forms received in a calendar year.

13. Where a 422 request, 424-a request, fast 422 request or a combo request is not disposed of at administrative review and requires a 422 hearing, a 424-a hearing, a fast 422 hearing or a combo hearing before disposition, any adjournment time shall not be included when measuring the time taken to dispose of such request.

12

14. Class counsel and the OCFS will work together to redraft: a) the template for the notice of indication, b) the notice of acknowledgment c) the Valmonte letter and d) the notice scheduling administrative hearings. The Notices will be written in plain English with the goal of defining the recipient's rights as simply as possible. Final approval of the notices, if consistent with the principles of this stipulation, rests with the OCFS.

## V.     MONITORING REPORTS

15. The OCFS shall compile the reports detailed below regarding cases disposed of during every three month period, with the first period beginning November 2011, until the termination of the jurisdiction of this court. The OCFS will have no more than thirty days after the conclusion of each three month period to compile and provide such reports to Class Counsel.

(a)  The 422 Request Report will contain the following information about each case disposed of during the three month period:
   i.   each request by Request ID; and
   ii.  Case ID associated with the request ID; and
   iii. 422 request date; and
   iv.  date of SCR determination; and
   v.   date of Decision After Hearing ; and
   vi.  number of days of adjournment; and
   vii. number of days, exclusive of adjournment days, between the 422 request date and the date of disposition (the date of disposition could be either the SCR determination date or the hearing decision date).

(b) The fast 422 request report will contain the following information about each case disposed of during the three month period:
   i.   each request by Request ID; and
   ii.  Case ID associated with the request ID; and
   iii. fast 422 request date; and
   iv.  date of SCR determination; and
   v.   date of Decision After Hearing ; and

13

vi.  number of days of adjournment; and

vii.  number of days, exclusive of adjournment days, between the fast 422 request date and the date of disposition (the date of disposition could be either the SCR determination date or the hearing decision date).

(c)  The 424-a Report will contain the following information about each case disposed of during the three month period:

i.  each request by Request ID; and

ii.  Case ID associated with the request ID; and

iii.  424-a request date; and

iv.  date of SCR determination; and

v.  date of Decision After Hearing ; and

vi.  number of days of adjournment; and

vii.  date of SCR response; and

viii.  number of days, exclusive of adjournment days, between 424-a request date and date of disposition (the date of disposition is the SCR response date).

(d)  The combo request report will contain the following information about each case disposed of during the three month period:

i.  Each request by Request ID; and

ii.  Case ID associated with the request ID; and

iii.  Combo request date; and

iv.  Date of SCR determination; and

v.  Date of Decision after Hearing; and

vi.  Number of days of adjournment; and

vii.  Date of SCR response; and

viii.  number of days, exclusive of adjournment days, between combo request date and date of disposition (the date of disposition is the SCR response date).


16. Sampling:

(a)  Class Counsel may randomly sample the case files of Subclass A Members to

determine if there has been compliance with the terms of this Stipulation.  Such random

sampling will total no more than fifteen percent of the persons in each report provided to Class

Counsel, with a total number of samples not to exceed 160 per monitoring period.

(b)  Class Counsel may also randomly sample the BSH files regarding Subclass A

Members who have had issued hearing decisions with an intervening adjournment.  The BSH file

14

provided must show who requested the adjournment, the duration of the adjournment, and
contain any written correspondence between the parties and the BSH. Such random sampling
will total no more than fifteen percent of the total number of issued hearing decisions with
adjournments, with a total number of samples not to exceed 100 per monitoring period.

      17.  Random sampling requests shall not be submitted to the OCFS by Class Counsel at
intervals of less than ninety days. The OCFS will have thirty days to provide materials in
response to such requests.

      18.  The OCFS agrees to cooperate fully with Class Counsel as to allow him to meet his
duties fully, efficiently and expeditiously and to insure compliance with the provisions of this
Stipulation. Such cooperation includes the appointment of an OCFS liaison and providing Class
Counsel with such information and documents as is reasonable.

## VI.    RESOLUTION OF CLAIMS OF MEMBERS OF Subclass A

      19.  As of the effective date of this Stipulation, all claims raised on behalf of the
Members of Subclass A in the First, Second and Fourth Causes of Action in the Third Amended
Complaint are hereby withdrawn with prejudice and all remedies sought in the Third Amended
Complaint concerning said claims are limited to the provisions of this Stipulation. Since the
claims raised in the Third Cause of Action were previously settled, the Complaint is dismissed in
its entirety.

## VII.   JURISDICTION OF THIS COURT

20. As of the effective date of this Stipulation, the jurisdiction of this Court shall terminate for all purposes with respect to Subclass A except that the Court shall maintain continuing jurisdiction for the purpose of deciding motions for enforcement, subject to paragraphs 23 or 24 of this Stipulation.

21. The jurisdiction of this Court shall terminate at the conclusion of thirty-six months following the effective date of this Stipulation unless Plaintiffs and the Members of Subclass A move pursuant to paragraphs 23 or 24 of this Stipulation or State defendants move pursuant to paragraph 25 of this Stipulation. When jurisdiction terminates, all claims arising under the provisions of this Stipulation shall be deemed dismissed. If Plaintiffs and the Members of Subclass A move pursuant to paragraphs 23 or 24 of this Stipulation, jurisdiction shall continue until: (a) the motion is decided; (b) if the motion is decided favorably for Plaintiffs and the Members of Subclass A, until such time as directed by the Court; or (c) such time as may be extended by the parties in a modification of this Stipulation. If State defendants move pursuant to paragraph 25 of this Stipulation, jurisdiction ends on the date the motion is granted.

22. State defendants shall be deemed to have complied with this Stipulation for any month where at least 85% of the Subclass Members' cases are disposed of within the time frames in paragraphs 7, 8, 9 or 12 of this Stipulation . All months between the month of the effective date of this Stipulation and October, 2011, inclusive, shall not be considered months of non-compliance should State defendants not achieve 85% compliance with the applicable time frames.

23.  During the thirty-six months following the effective date of this Stipulation, if Class Counsel believes that State defendants have failed to comply with the terms of this Stipulation, as defined by paragraph 22 of this Stipulation, Class Counsel shall notify State defendants' counsel in writing of the nature and specifics of the alleged failure to comply with the provisions of this Stipulation and shall specify the monitoring reports, if any, upon which such a belief is based, at least thirty business days before any motion is made for enforcement of this Stipulation or for contempt.  Unless otherwise resolved, the parties' counsel shall meet within the 30 business day period following notice to State defendants' counsel in an attempt to arrive at a resolution of the claims.  If no resolution is reached within thirty business days from the date of notice, Plaintiffs and the Members of Subclass A may move this court for an order for all appropriate relief against State defendants.

24.  Notwithstanding the provisions of paragraph 23 of this Stipulation, Plaintiffs and the Members of Subclass A may move this court for an order for all appropriate relief against State defendants without waiting thirty business days if the motion is based in whole or in part on information contained in a monitoring report provided by State defendants less than thirty business days before the date that the jurisdiction of this court is due to lapse pursuant to the provisions of this Stipulation.

25.  State defendants may file a motion seeking termination of the jurisdiction of this court if the OCFS can show a period of 18 consecutive months where at least 85% of all requests have been disposed of within the time frames set forth in paragraphs 7,8,9 or 12 of this Stipulation.

17

26. Before filing a motion for termination, State defendants shall give written notice to Class Counsel that they believe that, except for isolated, not recurring or significantly widespread instances, they are in substantial compliance with this Stipulation. If Class Counsel questions the State defendants' compliance, Class Counsel, within 30 days of receipt of State defendants' notice, shall so notify State defendants in writing of the grounds on which he questions compliance. If Class Counsel is satisfied that such compliance has been shown, the parties shall file a joint motion seeking termination of the jurisdiction of this court. Plaintiffs shall not unreasonably refuse to join in such a motion. In the event that Plaintiffs refuse to join in such a motion as requested by State defendants, State defendants may, on their own, file an appropriate motion with the Court.

## VIII.  GENERAL PROVISIONS

27. This Stipulation constitutes the parties' entire agreement and its provisions resolve this action in its entirety as to the Members of Subclass A. For the duration of this Stipulation, State defendants have no additional obligations with respect to the matters settled herein, and Plaintiffs and the Members of Subclass A shall not impose, nor seek to impose, nor bring any suit that seeks to impose, any additional systemic obligations upon State defendants with respect to the matters settled herein.

28. Upon the Court's approval of this Stipulation as fair, reasonable and adequate, Plaintiffs, individually and on behalf of each Member of Subclass A, and on behalf of the respective heirs, executors, administrators, personal representatives, successors and assigns of each of themselves and each Member of Subclass A, hereby jointly and severally release and

18

forever discharge, on the merits with prejudice, State defendants, including without limitations

State defendants' past and present officials, employees, departments, agencies, representatives,

directors and agents, their successors and assigns and their respective heirs, executors,

administrators, personal representatives, and transferees, (collectively "the releasees") and each

of them, of and from any and all claims, actions, costs, expenses and attorneys' and expert fees,

except as provided in Part IX of this Stipulation, whether known or unknown, foreseen or

unforeseen, matured or unmatured, accrued or not accrued, direct or indirect, from the beginning

of time through the date of Court approval of this Stipulation that Plaintiffs and the members of

Subclass A, and each of them, ever had, now has or have, or can, shall or may hereafter have

against the releasees or any of them, either alone or in any combination with others, for, by

reason of, involving, concerning, arising from or in any way relating to any claim contained

within the Third Amended Complaint.

29. All parties to this Stipulation have participated in its drafting; consequently, any

ambiguity shall not be construed for or against any party.

30. If any date or period of time described in this Stipulation falls or ends on a public

holiday or on a weekend, the date or period of time shall be extended to the next business day.

31. Class counsel shall protect the confidentiality of all information concerning Subclass

Members that is provided by State defendants under the terms of this Stipulation and shall not

disclose such information to any individual other than in compliance with State and Federal

Laws, except to the extent necessary in any proceeding brought before this Court to enforce any

right that individual may have under this Stipulation.

32. This Stipulation is final and binding upon the parties, their successors, and their assigns.

33. If the data contained therein is available electronically, all monitoring reports provided pursuant to this Stipulation shall be provided in electronic format unless requested otherwise.

34. Any notice, report or communication required by or made pursuant to the terms of this Stipulation, other than notices sent to individual Subclass Members, shall be sent by first class mail, postage prepaid, and by electronic mail, to all of the people listed below:

To Plaintiffs:

Thomas Hoffman Esq.
Law Offices of Thomas Hoffman, P.C.
250 West 57 Street, Suite 1020
New York, New York 10107

Email: thoff93453@aol.com

To State defendants:
Robert L. Kraft, Esq.                       Emily Reeb Bray, Esq.
Assistant Attorney General                  Senior Attorney
Office of the Attorney General              Office of Children and Family Services
120 Broadway, 24th Floor                    52 Washington Street, Rm 133 North
New York, New York 10271                    Rensselaer, New York 12144
Email: robert.kraft@ag.ny.gov               emily.bray@ocfs.state.ny.us.

35. Any party may change the above designated addressee or address by written notice to the other parties.

### IX.   ATTORNEY'S FEES

36.  Within ten days from the effective date of this Stipulation, Plaintiffs will provide the State defendants with a request for payment of attorneys fees and costs for work performed through the effective date of this Stipulation.  The parties will attempt in good faith to negotiate a reasonable fee for the work performed through the effective date of this Stipulation.  The State defendants may make an offer to pay reasonable fees for work done by Class Counsel through the effective date of this Stipulation.

37.  If the matter of Class Counsel's attorney fees for work done through the effective date of this Stipulation is not resolved by separate agreement, Plaintiffs reserve the right to apply to the Court to recover such costs and fees associated with the settlement of the claims of the Members of Subclass A within ninety days after the effective date of this Stipulation.  State defendants reserve the right to oppose such an application.

38.  Class Counsel will submit a request for payment of attorneys fees and costs to the State defendants on a quarterly basis after the effective date of this Stipulation associated with the work done during the previous quarter to monitor and to secure implementation or enforcement of the Stipulation and final Order.  The request will be supported by contemporaneous time records as if submitted as part of an application to the Court for payment of attorneys fees and costs.  State defendants will review the request for attorneys fees and costs using the standards applicable to applications for fees and cost made to the Court.  State defendants will give Class Counsel a written response to each request containing the amount State defendants are prepared to pay in response to the request for attorneys fees and costs being reviewed.  The parties will treat State defendants' written responses containing the amount State

21

defendants are prepared to pay in response to the request for attorneys fees and costs being reviewed as confidential settlement documents.

39.  If the matter of Class Counsel's attorneys fees and costs for work done related to implementation, monitoring and enforcement of this Stipulation during any particular quarter is not resolved by separate agreement, Plaintiffs reserve the right to apply to the Court to recover such costs and fees within thirty days after receipt of the State defendants' written offer. State defendants reserve the right to oppose such an application.

Dated: New York, New York

Law Offices of Thomas Hoffman, P.C.
Attorney for Plaintiffs

By: _____                    November 4, 2010
Thomas Hoffman Esq.
250 West 57 Street, Suite 1020
New York, New York 10107
(212) 581-1180

22

Andrew M. Cuomo, Attorney General
of the State of New York
<u>Attorney for State Defendants</u>

By: _____          November 4, 2010
Robert L. Kraft
Assistant Attorney General
120 Broadway 24th Floor
New York, New York  10271
(212) 416-8632

So Ordered:

_____
Shira A. Scheindlin
United States District Judge

Dated: ~~_____~~          February 7, 2011

23