UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BARBARA FINCH, etc., et al,

                                      Plaintiffs,

-against-

NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES, et al,

                                      Defendants.

------------------------------------------------------------------- x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

04 CV 1668 (SAS)

**WHEREAS**, plaintiffs, on behalf of themselves and of similarly situated persons, commenced this action against, among other defendants, City of New York, Administration for Children's Services, William C. Bell, individually and in his capacity as Commissioner of the Administration for Children's Services ("City defendants") seeking injunctive relief;

**WHEREAS**, plaintiffs, on behalf of themselves, sought compensatory damages;

**WHEREAS**, by Opinion and Order dated August 11, 2008, 252 F.R.D. 192 (2008), this Court certified the following class pursuant to Rule 23(b)(2): "all persons: (1) who are working or desire to work or to be licensed in the childcare field; (2) who are now, or in the future will be, listed on the Statewide Central Register as subjects of indicated reports of child abuse that were investigated by and indicated by a designated investigative agency; (3) who timely requested amendment of the indicated reports; and (4) whose requests for amendment have not been disposed of" Id. at 194;

**WHEREAS**, by the same Opinion and Order this Court ordered that Law Offices of Thomas Hoffman, P.C. act as Class Counsel, Id. at 202;



**WHEREAS,** plaintiff Finch's claim for compensatory damages was discharged and released pursuant to a Stipulation and Order entered on February 24, 2005 in Case No. 02 CV 07863 (LTS);

**WHEREAS,** plaintiff Jordan's claim for compensatory damages was discharged and released pursuant to a Stipulation and Order entered on September 27, 2008 in Case No. 04 CV 04434 (SAS);

**WHEREAS,** City defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

1. All claims for injunctive and declaratory relief brought against City defendants by plaintiffs, individually and on behalf of the certified class, are hereby dismissed, with prejudice, and without costs, expenses, or fees.

2. All claims for "monetary relief," or compensatory damages, brought against City defendants by plaintiff Ortiz, are hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "3" below.

3. Defendant City of New York hereby agrees to pay plaintiff Ortiz the sum of $41,500.00 in full satisfaction of all individual compensatory damages claims that were or could have been raised in this action, including claims for costs, expenses and attorney fees. In consideration for the payment of these sums, plaintiff Ortiz agrees to dismissal of all compensatory damages claims brought by her against all City defendants and to release all City defendants, their successors or assigns and all present or former officials, employees

representatives or agents of the City of New York or Administration for Children's Services, and the City of New York, from any and all liability, claims, or rights of action arising from the allegations set forth in the complaint, including claims for costs, expenses and attorney fees.

4. Plaintiff Ortiz shall execute and deliver to the New York City Law Department all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph 3 above and an affidavit regarding Liens.

5. The parties agree to take all necessary steps to obtain court approval of that portion of this settlement pertaining to the dismissal with prejudice of all class-wide claims for injunctive and declaratory relief in the following sequence:

a. On November 19, 2010, Counsel for plaintiffs shall make a motion to the Court for preliminary approval of this Stipulation and for entry of an Order for Notice and Hearing. Plaintiffs' Counsel shall also request the Court to set a date for a Fairness Hearing on the proposed settlement in accordance with Federal Rule of Civil Procedure Rule 23(e)

b. Counsel for plaintiffs will request an order from the Court that notice of the dismissal of the class's claims against City defendants be included in the notice of settlement published by OCFS defendants in The New York Post, The Amsterdam News, The New York Daily News, El Diario (notice shall be in Spanish language). Specifically, plaintiffs' counsel will request an order from the Court requiring the inclusion of the following statement: "Plaintiffs also brought claims for injunctive and declaratory relief against The City of New York. Those claims will be dismissed with prejudice." Counsel for plaintiffs will ask that the Court find that, under the circumstances of this case, such publication constitutes sufficient and appropriate notice. If the Court does not grant

plaintiffs' request, plaintiffs' counsel will seek to separately publish a notice which includes a statement substantially similar to the one above in The New York Post, The Amsterdam News, The New York Daily News, El Diario. In no case shall City defendants bear any costs incurred in connection with publication of notice.

6. Nothing contained herein shall be deemed to be an admission by any of the City defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or the Administration for Children's Services.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        November 17, 2010

LAW OFFICES OF THOMAS HOFFMAN, P.C..
Attorney for Plaintiffs
250 West 57th Street, Suite 2017
New York, NY 10107

By: _____
    THOMAS HOFFMAN

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for City Defendants
100 Church Street, Room 2-191
New York, N.Y. 10007
(212) 788-1275

By: _____
    ABIGAIL GOLDENBERG (AG4378)
    Assistant Corporation Counsel

SO ORDERED: _____
            U.S.D.J.

5/20/11