United States District Court
Southern District of New York

------------------------------------------

Barbara Finch, etc., et al.,

              Plaintiffs,                04 CV 1668 (SAS) (JCF)

    -against-

New York State Office of Children
and Family Services, et al.,

              Defendants.

--------------------------------------------------

**Plaintiffs' Memorandum of Law in Support of
Motion For Legal Fees and Costs**

**Law Offices of Thomas Hoffman, P.C.**
250 West 57 Street
New York, NY 10107
Tel. No. 212 581 1180
Fax No. 212 581 8002
Attorney for Plaintiffs

# TABLE OF CONTENTS

Table of Authorities .......................................................... ii

Statutes ..................................................................... iii

Class A Settlement ............................................................ 1

Class B Monitoring Bill ....................................................... 2

LEGAL ARGUMENT ............................................................... 4

    Fees for Services to Recover 42 U.S.C. 1988 Fees ......................... 9

CONCLUSION ................................................................... 9

i

# TABLE OF AUTHORITIES

Cases:

Adorno v. Port Auth., 685 F.Supp. 2d 507, 514 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . 7

AOL Time Warner Share, 2009 U.S.Dis.Lexis 124372 (S.D.N.Y.) . . . . . . . . . . . . . . . . 7

Anderson v. City of New York, 132 F.Supp 2d 239, 245 (S.D.N.Y. 2001) . . . . . . . . . . . 9

Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,
    522 F. 3d 182 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Barbour v. City of White Plains, 2011 U.S. Dist. LEXIS 55796
    (S.D.N.Y. May 24, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bridges v. Eastman Kodak Co., 102 F.3d 56, 58 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Building Service 32BJ Health Fund v. Renaissance Equity Holdings, LLC.,
    2010 WL 1438117*3 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Davis v. City of New Rochelle, 156 F.R.D. 549, 560 (S.D.N.Y. 1994) . . . . . . . . . . . . . . 9

Gierlinger V. Gleason, 160 F. 3d 858, 882 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 7

Grant v. Bethlehem Steel Corp., 973 F. 2d 96, 101-02 (2d Cir. 1992) . . . . . . . . . . . . . . 7

Harris v. Morhoefer, 24 F.3d 16, 19 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hershey v. Eckerhart, 464 U.S. 424, 437 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hnot v. Willis Group Holdings, Ltd., 2008 U.S. Dist. LEXIS 28312,
    2008 WL 116630 at *3 (S.D.N.Y. Apr. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714, 717-719 (5th Cir. 1974). . . . . 5

LeBlanc - Sternberg, 143 F. 3d 748, 764 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lewis v. Triborough Bridge and Tunnel Authority, 2001 WL 1898318 (S.D.N.Y.)  . . . . 7

Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004 ) . . . . . . . . . . . . . . . . . . 8, 9

Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964,
   19 L.Ed. 2d 1263 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Perdue v. Kenny A., 130 S.Ct. 1662 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Port Authority Police Asian Jade Society of New York v. The Port Authority
   of New York, 706 F.Supp 2d 537, 540-541 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . 8

Roberson v. Giuliani, 346 F.3d 75, 78 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Saunders v. City, 2009 WL4729948, 2009 U.S. Dist LEXIS 2834 . . . . . . . . . . . . . . . . . 4

Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748, 19-20
   (S.D.N.Y. Jan 28, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Texas State Teachers Assn v. Garland Independent School Dist., 489 U.S. 782, 793,
   109 S.Ct. 1486, 103 L.Ed. 2d 866 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Vilkhu v. City of New York, 2009 U.S. Dist LEXIS 73696,
   2009 WL 1851019, at*4 (E.D.N.Y. June 26, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Weather v. City of Mt. Vernon, 2011 U.S. Dist LEXIS 57144, 6-7
   (S.D.N.Y. May 27, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statutes:

42 U.S.C. §1988(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SSL 422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SSL 424-a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States District Court
Southern District of New York
-------------------------------------------------------x
Barbara Finch, etc., et al.,

                       Plaintiffs,             Docket No. 04 CV 1668 (SAS)(JCF)

     -against-                   **PLAINTIFFS MEMORANDUM OF**
                                            **LAW IN SUPPORT OF MOTION**
                                          **FOR AN AWARD OF LEGAL FEES**
New York State Office of Children     **AND EXPENSES**
and Family Services, et al.,

                       Defendants.
-------------------------------------------------------x

       Plaintiffs submit this Memorandum of Law in support of a request for an award of

legal fees and costs in the 1) Finch Class A settlement;  2) for monitoring fees in the

Finch Subclass B settlement and 3) for costs to recover fees.

## Class A Settlement

       On February 14, 2011 the Finch Class A settlement was approved by the court.

The settlement provided, inter alia, a specific timetable for completion of 424-a (4

months) and 422 (8 months) hearings.  These time limits are to take effect in November

2011 and compliance will be monitored by Class Counsel.  Considering that at the time

the litigation was filed, name-clearing hearings took seven years or more to complete, the

benefit achieved on behalf of thousands of New Yorkers is significant.  As to legal fees,

the settlement provides that:

> "36.  Within ten days from the effective date of this Stipulation, Plaintiffs
> will provide the State defendants with a request for payment of attorneys
> fees and costs for work performed through the effective date of this

Stipulation. The parties will attempt in good faith to negotiate a reasonable fee for the work performed through the effective date of this Stipulation. The State defendants may make an offer to pay reasonable fees for work done by Class Counsel through the effective date of this Stipulation.

37. If the matter of Class Counsel's attorney fees for work done through the effective date of this Stipulation is not resolved by separate agreement, Plaintiffs reserve the right to apply to the Court to recover such costs and fees associated with the settlement of the claims of the Members of Subclass A within ninety days after the effective date of this Stipulation. State defendants reserve the right to oppose such an application."

Dkt. #106, ¶¶ 36 & 37

The State has requested, and plaintiffs have agreed to, several extensions of time for the

State to review the statement for legal services submitted on March 7, 2011 and to tender

a settlement offer. (Exh. "A") Class Counsel's declaration sets forth the extensive

services performed over a seven-year period before the settlement was achieved.

### Class B Monitoring Bill

_____On April 21, 2010, Finch Class B was settled. The settlement provides that

notices be sent to approximately 25,000[1] individuals informing that they may have a right

to a name-clearing hearing. If the State Central Register's records show that a notice of

hearing was sent to the subject, the request for a hearing would be denied. Conversely, if

there are no records to support that a notice was sent, a hearing would be granted. So far,

over 500 hearings have been granted.

Class Counsel was appointed to monitor compliance. The notices have been

---

[1]As some class members have multiple reports, it is estimated that the number of class members are 20,000.

2

mailed out over a staggered 15-month period to be completed by November 2011.

As for legal fees and expenses for monitoring, the agreement provides:

> "Class Counsel will submit a request for payment of attorneys fees and
> costs to the State defendants on a quarterly basis after the effective date of
> this Stipulation associated with the work done during the previous quarter
> to monitor and to secure implementation or enforcement of the Stipulation
> and final order. The request will be supported by contemporaneous time
> records as if submitted as part of an application to the Court for payment of
> attorneys fees and costs. State defendants will review the request for
> attorneys fees and costs using the standards applicable to applications for
> fees and costs made to the Court. State defendants will give Class Counsel
> a written response to each request containing the amount State defendants
> are prepared to pay in response to the request for attorney fees and costs
> being reviewed.  The parties will treat State defendants' written responses
> containing the amount State defendants are prepared to pay in response to
> the request for attorneys fees and costs being reviewed as confidential
> settlement documents."

Stipulation and Order, Dkt. # 102 ¶58.

Class Counsel's duty under the settlement requires the random sampling of hearing

denials to make sure that hearing notices are sent and/or sent to the correct mailing

address.

If Class B notices are returned as undeliverable, Class Counsel is required to make

an effort to locate the current address of class members.

Monitoring began in April 2010. Statements for legal fees and expenses for

monitoring were submitted quarterly thereafter.

While bills for  monitoring were timely submitted, to date there has been no

payment nor offer of payment from the State defendants.   Total legal services for the first

3

year of monitoring ending March 2, 2011 are $77,551, well exceeding the agreed-upon cap. (Exh. B)

The State has neglected to respond to the statement submitted and has failed to provide any explanation as to why the $50,000 cap and $639 in costs has not been paid.

## LEGAL ARGUMENT

The Civil Rights Attorney's Fees Awards Act of 1976 provides that "(i]n any action or proceeding to enforce a provision of section []... 1983 [of this title], ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b).  See Roberson v. Giuliani, 346 F.3d 75, 78 (2d Cir. 2003).  Plaintiffs' counsel in 1983 litigation assumes the role of a "private attorney general" which Congress meant to promote in enacting §1988.  Texas State Teachers Assn v. Garland Independent School Dist., 489 U.S. 782, 793, 109 S.Ct. 1486, 103 L.Ed. 2d 866 (1989).

Little can be added to this court's extensive discussion in Saunders v. City, 2009 WL4729948, 2009 U.S. Dist. LEXIS 2834 which comprehensively explains the current legal standard to be applied in determining the reasonable legal fees and costs to be awarded to prevailing litigants. .

Until Arbor Hill[2] was decided, this Circuit had used a two-step process commonly known as the lodestar approach in awarding fees.  First, the District Court calculated the

---

[2]Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F. 3d 182 (2d Cir. 2008).

4

lodestar figure based upon the number of hours reasonably expended, multiplied by a reasonable hourly rate. Then the Court was to apply the twelve Johnson[3] factors to adjust the fee upward or downward.

Arbor Hill collapsed the inquiry into a single-step approach requiring the Johnson factors to be considered to arrive at the presumptive reasonable fee. The twelve Johnson factors (i.e, difficulty and novelty of question, level of skill, etc.) are now subsumed with the appropriate hourly rate and hours calculated.

In Perdue v. Kenny A., 130 S.Ct. 1662 (2010), the Supreme Court did not abandon the lodestar approach but substantially adopted the Arbor Hill holding:

> "...there is a 'strong' presumption that the lodestar method yields a sufficient fee." Id. 1667.

Perdue v. Kenny A, reiterated that an enhancement fee should be awarded only in rare and exceptional cases. An enhancement fee is not requested herein, but the court in determining the proper hourly rate, is asked to consider the substantial benefits this litigation has achieved for thousands of people.

In setting the reasonable fee, the court follows a two-step procedure. First, the court must consider whether the application is documented by contemporaneous records specifying for each attorney "the date, hours expended and the nature of the work done." Hershey v. Eckerhart, 464 U.S. 424, 437 (1982). As set forth in Hoffman's declaration, records of time expended by Class Counsel or associates were entered into a billing

---

[3]Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714, 717-719 (5th Cir. 1974).

software program called Time Slips contemporaneously with the services rendered. Alternatively, when this was not possible, a time slip was prepared and entered within 24-48 hours into the billing database. The bill is computer generated from the time slips. (Hoffman Decl. ¶26 & 27) Research is documented by Westlaw history records.

Second, the court determines whether the time expended on the case is reasonable by analyzing "whether, at the time the work was performed, a reasonable attorney would have engaged in a similar time expenditure." Grant v. Bethlehem Steel Corp., 973 F. 2d 96, 101-02 (2d Cir. 1992).

The Hoffman declaration sets forth in detail the services performed, which were reasonable and necessary to achieve the current outcome over the course of seven years of litigation, which outcome was vigorously resisted by the State defendants.

The "degree of success obtained" by the plaintiff is the most critical factor for a court to consider in determining the reasonableness of a fee award. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).[4] Considering that hearings previously took years to complete, the plaintiffs have achieved an important and impactful outcome. The Subclass A settlement this court has approved for a class numbering about 20,000 has significantly changed the relationship between the class members and the State defendants. Hearings

---

[4]A ' prevailing party' is any party to an action who "succeeds on any significant issue in litigation which achieves some of the benefit the part(y) sought in bringing suit." Bridges v. Eastman Kodak Co., 102 F.3d 56, 58 (2nd Cir. 1996). "A plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Lewis v. Triborough Bridge and Tunnel Authority, 2001 WL 1898318 (S.D.N.Y.).

will now be completed within a specified time period.[5]  Hearings for those who are

awaiting job clearances will be expedited.  Notice to class members will be written in

plain English.

A court may determine a reasonable hourly rate by relying on "its own knowledge

of comparable rates charges by lawyers in the District." Building Service 32BJ Health

Fund v. Renaissance Equity Holdings, LLC., 2010 WL 1438117*3 (2010)

Where the litigation is prolonged, the court should use current, rather than historic

rates, to compensate the attorney for the protracted litigation.  LeBlanc - Sternberg, 143 F.

3d 748, 764 (2d Cir. 1998); Same: Gierlinger v. Gleason, 160 F. 3d 858, 882 (2d Cir.

1998).

The $550  hourly fee requested for lead counsel, $175-$325 for associates and

$125 for paralegals are well within the range for legal fees that have been awarded in this

district.  See Adorno v. Port Auth., 685 F.Supp. 2d 507, 514 (S.D.N.Y. 2010) (the "rate of

$550 is also consistent with rates awarded in this district for experienced civil rights

lawyers.");  In AOL Time Warner Share, 2009 U.S.Dis.Lexis 124372 (S.D.N.Y.) ("$550

falls within the norm of the rates charged by those attorneys who are common adversaries

in the defense bar.")  See also Vilkhu v. City of New York, 2009 U.S. Dist LEXIS 73696,

2009 WL 1851019, at*4 (E.D.N.Y. June 26, 2009)("precedent in the Southern District

reveals that rates awarded to experienced civil rights attorneys over the past ten years

---

[5]SSL 422 and 424-a do not specify the time, from start to finish, in which hearings shall
be completed.

have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time."); Same: Weather v. City of Mt. Vernon, 2011 U.S. Dist LEXIS 57144, 6-7 (S.D.N.Y. May 27, 2011). Same: Port Authority Police Asian Jade Society of New York v. The Port Authority of New York, 706 F.Supp 2d 537, 540-541 ((S.D.N.Y 2010) (Collecting the prevailing rates awarded in the Southern District).

The $125 hourly rate for paralegal work is also consistent with awards in this district. See: Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748, 19-20 (S.D.N.Y. Jan 28, ,2010) ("The case law, however, establishes that $125 is within the range of rates typically awarded for paralegal work in this District, and that is the rate that will be applied.") See also Hnot v. Willis Group Holdings, Ltd., 2008 U.S. Dist. LEXIS 28312, 2008 WL 116630, at *3 (S.D.N.Y. Apr. 7, 2008) (finding that "there is ample support for $150 per hour as a reasonable rate for paralegals in this District"); Morris v. Eversley, 343 F. Supp. 2d 234, 248 (S.D.N.Y. 2004 )(using a paralegal rate of $125 per hour.).

The costs requested are also reasonable and of the type normally charged to clients who engage private counsel. Harris v. Morhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (upholding award of costs in a Section 1983 action for service of summons and complaint, postage, copying costs, ... and messenger services, among other things); Morris v. Eversley, 343 F.Supp. 2d 234, 245 (S.D.N.Y. 2004) (awarding any additional costs ordinarily charged in the particular legal marketplace) Same: Anderson v. City of

8

New York, 132 F.Supp 2d 239, 245 (S.D.N.Y. 2001). Plaintiffs have not charged for travel costs or meals.

### Fees for Services to Recover 42 U.S.C. 1988 Fees

For more than four months, the State has not responded to statements submitted for either the Class A settlement or Class B monitoring, necessitating this motion. Services rendered to recover 1988 fees are compensable. See Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) ("motion costs should be granted whenever underlying costs are allowed"); Barbour v. City of White Plains, 2011 U.S. Dist. LEXIS 55796 (S.D.N.Y. May 24, 2011) ("the law, which dictates that prevailing civil rights plaintiff may include the costs of drafting a motion to recover fees as part of a fee award"); Davis v. City of New Rochelle, 156 F.R.D. 549, 560 (S.D.N.Y. 1994) (attorneys should be compensated for "time reasonably spent...in establishing their fee pursuant to fee-shifting statutes such as §1988").

### CONCLUSION

It is requested that the following awards, as reasonable and necessary to prosecute the underlying litigation, be made to Class Counsel:

1.    The sum of $728,124 for services and disbursements for the underlying litigation; and

2.    The sum of $50,639 for first-year monitoring fees and costs ending March 2, 2011; and

9

3.    The sum of $18,685and any additional amounts for services required to

recover 1988 fees.

Respectfully submitted,

**Law Offices of Thomas Hoffman, P.C.**

Dated:    New York, N.Y.
           July 26,  2011       by:

Thomas Hoffman (2797)
Attorney for Plaintiffs
250 West 57 St., Suite 1020
New York, N.Y. 10107
212 581 1180

10