UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

BARBARA FINCH individually, on behalf of Manny Moe and on behalf of all others similarly situated, CAROL JORDAN, individually and on behalf of all others similarly situated and BARBARA ORTIZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES; JOHN A. JOHNSON, individually and in his capacity as the Commissioner of the New York State Office of Children and Family Services; THE CITY OF NEW YORK, ADMINISTRATION FOR CHILDREN'S SERVICES; WILLIAM C. BELL, individually and in his capacity as Commissioner of the Administration for Children's Services of the City of New York; DAVE R. PETERS, individually and in his capacity as Director, State Central Register, New York State Office of Children and Family Services, Division of Development and Prevention Services; JANE DOE 1, individually and in her capacity as a Supervisor of the State Central Register; JANE DOE 2, individually and in her capacity as an employee of the State Central Register; JOHN DOE 1, individually and in his capacity as a Supervisor of Administration for Children's Services; JOHN DOE 2, individually and in his capacity as an employee of Administration for Children's Services; NEW ALTERNATIVES FOR CHILDREN, INC.; and TALBOT PERKINS AGENCY.

Defendants.

---------------------------------------------------------------------x

**04 CV 1668 (SAS) (JCF)**
**(ECF CASE)**

**STIPULATION OF SETTLEMENT OF CLAIM FOR ATTORNEY'S FEES AND ORDER**



WHEREAS, this action was commenced by the three above-named plaintiffs ("plaintiffs") on behalf of themselves and of a proposed class of similarly situated persons against, among other defendants, John A. Johnson, in his capacity as Commissioner of the New

York State Office of Children and Family Services[1] and Dave R. Peters, in his capacity as Director of the Statewide Central Register of Child Abuse and Maltreatment[2] (collectively "State defendants") ; and

WHEREAS, by Opinion and Order dated August 11, 2008, 252 F.R.D. 192 (2008), this Court certified the following class: "all persons: (1) who are working or desire to work or to be licensed in the childcare field; (2) who are now, or in the future will be, listed on the Statewide Central Register as subjects of indicated reports of child abuse that were investigated by and indicated by a designated investigative agency; (3) who timely requested amendment of the indicated reports; and (4) whose requests for amendment have not been disposed of;" and

WHEREAS, plaintiffs and State defendants entered into a Stipulation of Partial Settlement of a Class Action and Order Docket #87 ("Subclass B Stipulation") that designated the members of the previously certified class as Members of Subclass A and created a Subclass B whose members' claims were disposed of by the Subclass B Stipulation; and

WHEREAS, plaintiffs and State defendants entered into a Stipulation of Settlement of Class Action and Order Docket #106 ("Subclass A Stipulation") that settled all remaining claims of the members of Subclass A; and

WHEREAS, Law Offices of Thomas Hoffman, P.C. is class counsel to both subclasses; and

---

1 John A. Johnson's term in office as Commissioner of the New York State office of Children and Family Services ended on December 31, 2006. Gladys Carrion, Esq., is now Commissioner of the New York State Office of Children and Family Services.

2 Dave R. Peters has retired and no longer holds that position. Linda Joyce is his successor in office.

WHEREAS, the Subclass A Stipulation and the Subclass B Stipulation provide that class counsel may bill for work performed monitoring State defendants' compliance with the provisions of the stipulation; and

WHEREAS, plaintiffs have made a motion seeking payment of attorney's fees, Docket #119, for work done by class counsel monitoring State defendants' compliance with the Subclass A Stipulation and the Subclass B Stipulation; and

WHEREAS, class counsel represents that he has not received, and will not receive, any payment from plaintiffs or any other Member of Subclass A or Subclass B in connection with work done on behalf of plaintiffs in this action; and

WHEREAS, plaintiffs and State defendants desire to settle the issue of attorney's fees, costs and disbursements payable to class counsel on terms and conditions just and fair to all parties;

IT IS HEREBY STIPULATED AND ORDERED:

1. Plaintiffs, on behalf of themselves and the Members of Subclass A and Subclass B they represent, hereby agree that the settlement described in this Stipulation fully satisfies their claim for attorney's fees, costs and disbursements:

(a) for work done by class counsel monitoring State defendants' compliance with the provisions of the Subclass A Stipulation from November 1, 2011, through and including December 31, 2012;

(b) for work done by class counsel monitoring State defendants' compliance with the provisions of the Subclass B Stipulation from April 21, 2011, through and including January 20, 2013; and

(c) for work done by class counsel on the motion for attorney's fees docket #119 and for negotiation of this settlement, hereinafter collectively referred to as "settled claims").

2. State defendants agree to cause payment to be issued to the Law Offices of Thomas Hoffman, P.C. in the sum of one hundred eighty thousand dollars and no cents ($180,000.00) in full satisfaction of the settled claims.

3. In the event the payment described in paragraph 2 of this Stipulation is not made by delivering to Law Offices of Thomas Hoffman, P.C. a check payable to Law Offices of Thomas Hoffman, P.C. within one hundred twenty (120) days of State defendants' counsel's receipt of a So Ordered copy of this Stipulation that has been entered, and a signed release, interest shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961 commencing on the one hundred twenty-first (121st) day.

4. Payment of the amount set forth in paragraph 2 of this Stipulation shall be made from the New York Public Officers Law Section 17 fund and shall be subject to the approval of all appropriate officials of the State of New York in accordance with the provisions for indemnification under New York Public Officers Law § 17(3)(a). Should the approval of all appropriate officials of the State of New York not be forthcoming, plaintiffs may renew their motion for payment of attorney's fees after giving State defendants' counsel thirty days notice of their intent to do so.

5. Payment of the amount set forth in paragraph 2 of this Stipulation shall be subject to the cooperation of plaintiffs and class counsel in executing any documents required to process such payments by State defendants.

6. Upon execution of this Stipulation, plaintiffs, through class counsel, shall execute a General Release in the form annexed hereto as Exhibit A releasing State defendants. Exhibit A

shall be held in escrow by counsel for State defendants and shall not be effective until class counsel is in receipt of the entire amount set forth in Paragraph 2 above.

7. Nothing contained in this Stipulation shall be deemed to be an agreement or an admission by State defendants as to the reasonableness of the number of hours spent or the particular hourly rates claimed by class counsel or that plaintiffs and the Members of Subclass A and Subclass B they represent will be entitled to any attorney's fees, costs or disbursements in connection with this action in the future, and State defendants do not waive any defenses to any application by plaintiffs therefor.

8. The agreement regarding payment of attorney's fees, costs and disbursements set forth in this Stipulation is solely for the purpose of resolving the settled claims and does not reflect the positions of the parties in any other judicial or administrative proceeding. Nothing contained in this Stipulation shall be deemed, implied or construed to be a policy, custom or procedure of State defendants, the State of New York or any of its agencies.

9. If any date or period of time described in this Stipulation falls or ends on a public holiday or on a weekend, the date or period of time shall be extended to the next business day.

10. This Stipulation contains all of the terms and conditions agreed on by the parties regarding the payment by State defendants of attorney's fees, costs and disbursements to class counsel in satisfaction of the settled claims. No oral agreement entered into at any time nor any

other written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, to bind the parties, or to vary the terms and conditions set forth in this Stipulation.

Dated: New York, New York

April ___, 2013

Law Offices of Thomas Hoffman, P.C.
Attorney for Plaintiffs and Members of Subclass A and Subclass B

By: ______________________
Thomas Hoffman, Esq.
250 West 57 Street, Suite 1020
New York, New York 10107
(212) 581-1180

Eric T. Schneiderman, Attorney General of the State of New York
Attorney for State Defendants

By: ______________________
Robert L. Kraft
Assistant Attorney General
120 Broadway 24th Floor
New York, New York 10271
(212) 416-8632

So Ordered:

______________________
Shira A. Scheindlin
United States District Judge

Dated: April 22, 2013

**EXHIBIT A**

**TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT**

Barbara Finch, Carol Jordan, and Barbara Ortiz, on behalf of themselves and all Members of Subclass A and Subclass B they represent, (hereinafter "Plaintiffs") in a lawsuit entitled Finch et al v. New York State Office of Children and Family Services, et al, filed in the United States District Court for the Southern District of New York under Docket Number 04 CV. 1668 (SAS) (hereinafter "the action"), as RELEASORS, in consideration of the sum of One hundred Eighty Thousand dollars and no cents ($180,000.00) and other good and valuable consideration, received from THE STATE OF NEW YORK on behalf of the successors in office to John A. Johnson in his official capacity as Commissioner of the New York State Office of Children and Family Services, and Dave R. Peters, in his official capacity as Director of the Statewide Central Register of Child Abuse and maltreatment ("State defendants"), receipt of which is hereby acknowledged, release and discharge:

(a) State defendants and their heirs, successors, executors, administrators and assigns; and

(b) the New York State Office of Children and Family Services and any and all of its current or former agents, officers and employees, in their individual and/or official capacities, and their heirs, successors, executors, administrators and assigns; and

(c) the State of New York and its agencies, officers and employees,

from any and all claims, liabilities, and causes of action for attorney's fees, costs and disbursements, for work done by or costs incurred by any and all attorneys, law students, support staff, experts and consultants who provided legal and/or other services to Plaintiffs either directly or in an of counsel status, in or arising from:

(d) work done by class counsel monitoring State defendants' compliance with the provisions of the Subclass A Stipulation from November 1, 2011, through and including December 31, 2012; and

(e) work done by class counsel monitoring State defendants' compliance with the provisions of the Subclass B Stipulation from April 21, 2011, through and including January 20, 2013; and

(f) for work done by class counsel on the motion for attorney's fees docket #119 and for negotiation of settlement of the claims described in paragraphs (d), (e) and (f).

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal:

IN PRESENCE OF

________________________for plaintiffs

STATE OF NEW YORK )
ss.:
COUNTY OF NEW YORK)

On April ____, 2013, before me personally came Thomas Hoffman, Esq., to me known to be a duly authorized representative of The plaintiffs, who executed the foregoing RELEASE, and duly acknowledged to me that he executed the same.

____________________
Notary Public