USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BARBARA FINCH individually, on behalf of Manny Moe
and on behalf of all others similarly situated,
CAROL JORDAN, individually and on behalf of all others
similarly situated and BARBARA ORTIZ, individually
and on behalf of all others similarly situated,

                    Plaintiffs,                    04 CV 1668 (SAS) (JCF)

                -against-

NEW YORK STATE OFFICE OF CHILDREN AND       **STIPULATION AND**
FAMILY SERVICES; JOHN A. JOHNSON, individually     **ORDER OF**
and in his capacity as the Commissioner of the New York    **SETTLEMENT OF**
State Office of Children and Family Services;              **CLAIM FOR**
THE CITY OF NEW YORK, ADMINISTRATION FOR       **ATTORNEY'S FEES**
CHILDREN'S SERVICES; WILLIAM C. BELL,             **COSTS AND**
individually and in his capacity as Commissioner of the    **DISBURSMENTS**
Administration for Children's Services of the City of
New York; DAVE R. PETERS, individually and in his
capacity as Director, State Central Register, New York
State Office of Children and Family Services, Division of
Development and Prevention Services; JANE DOE 1,
individually and in her capacity as a Supervisor of the
State Central Register; JANE DOE 2, individually and in
her capacity as an employee of the State Central Register;
JOHN DOE 1, individually and in his capacity as a
Supervisor of Administration for Children's Services;
JOHN DOE 2, individually and in his capacity as an
employee of Administration for Children's Services;
NEW ALTERNATIVES FOR CHILDREN, INC.;
and TALBOT PERKINS AGENCY.

                    Defendants.
------------------------------------------------------------------------x

       WHEREAS, this action was commenced by the three above-named plaintiffs

("plaintiffs") on behalf of themselves and of a proposed class of similarly situated persons

against, among other defendants, John A. Johnson, in his capacity as Commissioner of the New

1

York State Office of Children and Family Services[1] and Dave R. Peters, in his capacity as Director of the Statewide Central Register of Child Abuse and Maltreatment[2] (collectively "State Defendants"); and

WHEREAS, by Opinion and Order dated August 11, 2008, 252 F.R.D. 192 (2008), this Court certified the following class: "all persons: (1) who are working or desire to work or to be licensed in the childcare field; (2) who are now, or in the future will be, listed on the Statewide Central Register as subjects of indicated reports of child abuse that were investigated by and indicated by a designated investigative agency; (3) who timely requested amendment of the indicated reports; and (4) whose requests for amendment have not been disposed of"; and

WHEREAS, plaintiffs and State Defendants entered into a Stipulation of Partial Settlement of a Class Action and Order, Docket #87 ("Subclass B Stipulation"), that designated the members of the previously certified class as Members of Subclass A and created a Subclass B whose members' claims were disposed of by the Subclass B Stipulation; and

WHEREAS, plaintiffs and State Defendants entered into a Stipulation of Settlement of Class Action and Order, Docket #106 ("Subclass A Stipulation"), that settled all remaining claims of the members of Subclass A; and

WHEREAS, Law Offices of Thomas Hoffman, P.C. ("Class Counsel") is counsel to both subclasses; and

---

[1] John A. Johnson's term in office as Commissioner of the New York State office of Children and Family Services ended on December 31, 2006. Sheila J. Poole is now Acting Commissioner of the New York State Office of Children and Family Services.

[2] Dave R. Peters has retired and no longer holds that position. Linda Joyce is his successor in office.

WHEREAS, the Subclass A Stipulation and the Subclass B Stipulation provide that Class Counsel may bill for work performed monitoring State Defendants' compliance with the provisions of the Subclass A Stipulation and the Subclass B Stipulation; and

WHEREAS, the members of Subclass A and the members of Subclass B ("Class Plaintiffs") have submitted a demand for payment for work done by Class Counsel monitoring State Defendants' compliance with the Subclass A Stipulation and the Subclass B Stipulation through the end of the monitoring periods set out in the Subclass A Stipulation and the Subclass B Stipulation; and

WHEREAS, Class Counsel represents that he has not received, and will not receive, any payment from Class Plaintiffs in connection with work done on behalf of Class Plaintiffs in this action; and

WHEREAS, State Defendants have complied with all of the terms and conditions of the Subclass A Stipulation and the Subclass B Stipulation and the terms and conditions of those stipulations have expired; and

WHEREAS, Class Plaintiffs and State Defendants desire to settle the issue of attorney's fees, costs and disbursements payable to Class Counsel on terms and conditions just and fair to all parties;

IT IS HEREBY STIPULATED AND ORDERED:

1. This Stipulation resolves all of Class Plaintiffs' remaining claims for attorney's fees, costs and disbursements as follows:

(a) For work done by Class Counsel monitoring State Defendants' compliance with the provisions of the Subclass A Stipulation from January 1, 2013, through February 7, 2014, the date of the expiration of the Subclass A Stipulation;

3

(b) For work done by Class Counsel monitoring State Defendants' compliance with the provisions of the Subclass B Stipulation from January 21, 2013, to April 20, 2013, the date of the expiration of the Subclass B Stipulation; and

(c) For negotiation of this Stipulation.

2. The State of New York, on behalf of State Defendants, shall pay the sum of three thousand one hundred dollars and no cents ($3,100.00) ("State Fee Payment") to Class Counsel as set forth in paragraph 3 of this Stipulation, and Class Plaintiffs agree to accept the State Fee Payment in full satisfaction of all remaining claims for attorney's fees, costs and disbursements as set forth in paragraph 1 of this Stipulation.

3. Payment of the State Fee Payment shall be made by check, issued in the amount that follows, made payable to the entity that follows, and at the address that follows: $3,100.00, Law Offices of Thomas Hoffman, P.C., 250 West 57 Street, Suite 1020, New York, New York 10107

4. Payment of the State Fee Payment is subject to the approval of all appropriate New York State officials in accordance with New York Public Officers Law § 17(3)(a). In the event such approval is denied, counsel for State Defendants shall so notify Class Counsel within seven (7) days of the disapproval. In the event of such disapproval, Class Plaintiffs shall have ninety (90) days from such notice within which to make a motion seeking attorney's fees, costs and disbursements from State Defendants.

5. The class representatives, on behalf of Class Plaintiffs, and Class Counsel shall promptly execute and deliver to counsel for State Defendants any and all documents and information reasonably necessary to effectuate the State Fee Payment, which includes any requisite payment vouchers.

4

6.  In the event the payment described in paragraph 3 of this Stipulation is not made by the one hundred twentieth (120th) day after receipt by State Defendants' counsel of a so-ordered copy of this Stipulation and all documents and information required under paragraph 5 of this Stipulation, interest shall accrue on any unpaid sums at the statutory rate prescribed by 28 U.S.C. § 1961 commencing on the one hundred twenty-first (121st) day.

7.  Class Plaintiffs and Class Counsel agree that any taxes, or interest or penalties on taxes, on the payments specified in paragraph 3 of this Stipulation shall be the sole and complete responsibility of Class Counsel, and that Class Counsel shall have no claim, right or cause of action against State Defendants or the State of New York on account of any and all such taxes, interest or penalties.

8.  Class Plaintiffs and Class Counsel agree that neither State Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees, or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments set forth in this Stipulation. Class Plaintiffs and Class Counsel shall have no claim, right, or cause of action against State Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless State Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

9. In consideration of the payment of the State Fee Payment, Class Plaintiffs, on their own behalf and on behalf of the respective heirs, executors, administrators, personal representatives, successors and assigns of each of themselves and on behalf of future Class Plaintiffs hereby jointly and severally release and forever discharge State Defendants and the State of New York, including without limitation its past and present officials, employees, departments, agencies, representatives, directors and agents, their successors and assigns and their respective heirs, executors, administrators, personal representatives, and transferees, and each of them from any and all claims for attorney's fees, costs, and disbursements arising from or in connection with the above-captioned action through the date this Stipulation is so-ordered, and this Stipulation shall be deemed a release to that effect.

10. Nothing contained in this Stipulation shall be deemed to be an agreement or an admission by State Defendants as to the reasonableness of the number of hours spent or the particular hourly rates claimed by Class Counsel or that Class Plaintiffs will be entitled to any attorney's fees, costs or disbursements in connection with this action in the future and State Defendants do not waive any defenses to any application by Class Plaintiffs therefor.

11. The agreement regarding payment of attorney's fees, costs and disbursements set forth in this Stipulation is solely for the purpose of settlement of Class Plaintiffs' claims for attorney's fees, costs and disbursements as set forth in paragraph 1 of this Stipulation and does not reflect the positions of the parties in any other judicial or administrative proceeding. Nothing contained in this Stipulation shall be deemed, implied or construed to be a policy, custom or procedure of State Defendants, the State of New York or any of its agencies.

12. This Stipulation contains all of the terms and conditions agreed on by the parties regarding the payment by State Defendants of attorney's fees, costs and disbursements for work

6

done by Class Counsel in this action. No oral agreement entered into at any time nor any other written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, to bind the parties, or to vary the terms and conditions set forth in this Stipulation.

13. All parties to this Stipulation have participated in its drafting; consequently, any ambiguity shall not be construed for or against any party.

14. If any date or period of time described in this Stipulation falls or ends on a public holiday or on a weekend, the date or period of time shall be extended to the next business day.

15. This Stipulation is final and binding upon the parties, their successors, and their assigns.

Dated: New York, New York
November 1F, 2015

| Law Offices of Thomas Hoffman, P.C. | Eric T. Schneiderman, Attorney General |
| Attorney for Class Plaintiffs | of the State of New York |
| | Attorney for State Defendants |

By: _____
Thomas Hoffman, Esq.
250 West 57 Street, Suite 1020
New York, New York 10107
(212) 581-1180

By: _____
Robert L. Kraft
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416 8632

So Ordered:

_____
Shira A. Scheindlin
United States District Judge

Dated: 11/23/15

7